# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kevin Phillips,**
**Petitioner Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1430** (Hardy County 12-C-02)

**Evelyn Seifert, Warden, Northern Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Phillips, by counsel Brian J. Vance, appeals the Circuit Court of Hardy County's order entered on May 10, 2012, denying petitioner's request for habeas relief. The respondent Evelyn Seifert (warden), by counsel Laura Young, has filed a response to the present appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 9, 2008, the petitioner was indicted on twenty counts of sexual assault in the first degree, twenty-seven counts of sexual abuse by a person in a position of trust, and seven counts of sexual abuse in the first degree. The petitioner pled guilty to one count of sexual abuse by a custodian, and one count of sexual assault in the first degree. The circuit court sentenced the petitioner to a term of fifteen to thirty-five years on the conviction of sexual abuse by a custodian and to ten to twenty years on the conviction of sexual assault. The circuit court ordered these terms to run consecutively, for an effective sentence of twenty-five to fifty-five years.

On January 13, 2012, petitioner filed a petition for writ of habeas corpus. On May 10, 2012, the Circuit Court of Hardy County refused the writ after an omnibus hearing.

The petitioner now appeals the circuit court's order, and presents three assignments of error.

The petitioner's first argument is that his arrest was defective. The petitioner claims that the arresting trooper misled the petitioner about the presence of incriminating physical evidence. The petitioner's second argument is that his confession was coerced by the State Police trooper who took his statement. The petitioner claims that he felt forced to stay for the trooper's questioning, and felt that if he did not provide an incriminating statement he would be "beat up or shot."

1

As to these first two assignments of error, our law is clear that the petitioner waived the right to challenge his arrest and his confession upon making his guilty plea. As this Court stated in *State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996), "[i]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences." *See also*, *State v. Bennett*, 179 W.Va. 464, 475, 370 S.E.2d 120, 131 (1988) ("the defendant waives all procedural objections except the jurisdiction of the court and the voluntariness of his plea when he pleads guilty."); *Tollett v. Henderson*, 411 U.S. 258 (1973) (stating when a criminal defendant openly in court admits he is guilty of the offense charged, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," but may only "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was" constitutionally deficient).

The circuit court denied the petitioner's first two arguments based upon their merit. However, this Court has held that a lower court's decision may be affirmed "regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466, (1965). Our review of the record uncovers no error or abuse of discretion by the habeas court in denying relief to the petitioner based on the arguments he raises on appeal, and we affirm the circuit court's decisions on these two points.

The petitioner's third argument is that his trial counsel was constitutionally ineffective. The petitioner points out that his trial counsel failed to move for a change of venue, and that but for this ineffectiveness by counsel he would gone to trial, and would have received a more favorable outcome at trial.

We apply the following standard of review to claims of ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

In *Hill v. Lockhart*, 474 U.S. 52 (1985) the Supreme Court, applying *Strickland*, held that a defendant claiming ineffective assistance of counsel in a plea proceeding must demonstrate that trial counsel's advice had a negative impact on the outcome of the proceedings. Specifically, the Court held that to satisfy the second, "prejudice" prong of *Strickland,* "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*, 474 U.S. at 59. Finally, in order to show resulting prejudice from counsel ineffectiveness, a defendant must demonstrate that if he had gone to trial, the outcome of the proceedings could have been more favorable than the outcome of the plea. *Id.*

The petitioner's claim of ineffective trial counsel fails upon its merits. The petitioner was required to show that his trial counsel made unreasonable errors, and that if it were not for these errors he would have insisted on going to trial. Furthermore, to show prejudice, the petitioner was required to show the results could have been more favorable if he had gone to trial.

This Court agrees with the circuit court ruling that the advice provided by the trial counsel was within the range of competence required of attorneys. The petitioner failed to carry his burden of showing counsel's advice was objectively unreasonable, and accordingly fails the *Strickland* test.

Moreover, even if petitioner's counsel was guilty of ineffectiveness, the petitioner cannot show he was prejudiced by counsel. The petitioner pled to two charges, while he was indicted on fifty-four. Furthermore, the petitioner was sentenced to twenty-five to fifty-five years in prison, while the indictment offered the possibility of 675 to 1,585 years in prison. In light of a valid confession and victim testimony, the petitioner likely faced the reality of a much lengthy sentence if he did choose to go to trial. For these reasons, this Court can find no error with the circuit court's findings.

For the foregoing reasons we affirm.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II