473 S.E.2d 921

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Robert Lee GREENE, Defendant Below, Appellant.**

**No. 23063.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 23, 1996.

Decided July 11, 1996.

R. Lee Booten, II, Huntington, for Appellant.

Dawn E. Warfield, Deputy Attorney General, Charleston, for Appellee.

ALBRIGHT, Justice.

Robert L. Greene, defendant below and appellant, appeals an order of the Circuit Court of Cabell County, which denied his motion to vacate his sentence and dismiss his indictment. The circuit court ruled that the civil forfeiture of appellant's property, followed by a criminal indictment and conviction that arose from the same conduct, did not constitute double jeopardy. We agree. Based upon a recent decision of the United States Supreme Court, we find that the civil forfeiture of appellant's property[1] did not constitute punishment, and, therefore, appellant was not subjected to double jeopardy. Consequently, we affirm.

## FACTS

On September 17, 1993, Robert L. Greene, appellant and defendant below, was arrested for driving under the influence of alcohol and possession with intent to deliver a controlled substance. Incident to the arrest, officers seized the 1987 Chevrolet truck appellant was driving, along with a weight scale and a cellular telephone. On October 7, 1993, the State filed a petition requesting forfeiture of the seized property under the West Virginia Contraband Forfeiture Act, W.Va.Code § 60A–7–701, *et seq.* Appellant filed an answer to the forfeiture petition, objecting only to the forfeiture of the cellular telephone.[2] By order entered December 1, 1993, the State's forfeiture petition was granted with regard to the truck and the weight scale. Thereafter, the grand jury returned an indictment, which was filed on May 10, 1994, charging appellant with one count of possession with intent to deliver a controlled substance.

Appellant initially entered a plea of not guilty on June 10, 1994. However, on December 16, 1994, the court accepted appellant's plea of guilty to the lesser included misdemeanor offense of possession of a con-

---

**1.** We do not address in this opinion any effort to apply the forfeiture statute of this State, W.Va. Code § 60A–7–701, to property belonging to or in which an innocent party has an interest.

**2.** The answer represented that the cellular telephone was leased from a company that knew nothing of appellant's alleged unlawful activities and that the telephone was not in any way used to facilitate the alleged crimes.

trolled substance. On the same day, appellant was sentenced to six months in the Cabell County Jail and fined one thousand dollars.

Appellant subsequently filed a motion to vacate his sentence and dismiss his indictment on double jeopardy grounds. Appellant argued that the civil forfeiture of his property and the criminal indictment arose from the same conduct; consequently, he was punished for the same conduct in separate proceedings. The court denied the motion without prejudice and explained that the relief sought properly should be brought under the post-conviction habeas corpus statutes so that appellant would be entitled to a single omnibus hearing. Appellant then filed a motion for correction of sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure.[3] Appellant argued that his sentence was an illegal violation of the double jeopardy principles contained in the Fifth Amendment to the United States Constitution and Article III, § 5 of the West Virginia Constitution. Appellant also filed a motion for stay of execution of his sentence. By order filed June 21, 1995, the Circuit Court of Cabell County denied appellant's motion to correct his sentence and granted his motion for stay of execution. It is from this order that appellant now appeals.

## DISCUSSION

The sole issue we are asked to determine on appeal is whether the civil forfeiture of appellant's property, followed by his criminal conviction, violated double jeopardy principles provided for in the Fifth Amendment to the United States Constitution and Article III, § 5 of the West Virginia Constitution. Appellant argues that he was punished for the same conduct in separate proceedings, first through the civil forfeiture of his property, and then when he was sentenced after his guilty plea in the criminal action. We disagree.

In *United States v. Ward,* 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980), the United States Supreme Court adopted the following two-part test for determining

whether a civil forfeiture constitutes punishment, which would violate double jeopardy principles:

> Our inquiry [into whether a particular statutorily defined penalty is civil or criminal] has traditionally proceeded on two levels. First, we have set out to determine whether Congress, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other. *See One Lot Emerald Cut Stones v. United States,* [409 U.S. 232, 236–237, 93 S.Ct. 489, 492–493, 34 L.Ed.2d 438, 442–443 (1972)]. Second, where Congress has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect as to negate that intention. *See Flemming v. Nestor,* 363 U.S. 603, 617–621, 80 S.Ct. 1367 [1376–1378], 4 L.Ed.2d 1435.

*Id.* at 248–249, 100 S.Ct. at 2641, 65 L.Ed.2d at 749.

Appellant argues that this two-part test no longer applies. To support this argument, appellant relies on *U.S. v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *as amended by* 56 F.3d 41 (1995), wherein the United States Court of Appeals for the Ninth Circuit reasoned that the Supreme Court had abandoned this two-part test through its decisions in *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *Department of Revenue of Mont. v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), in favor of a new test, which states that a civil sanction constitutes punishment for double jeopardy purposes when the "civil sanction [ ] cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes." *$405,089.23 U.S. Currency* at 1218.

*$405,089.23 U.S. Currency* was appealed to the United States Supreme Court, where it was consolidated with a Sixth Circuit case that had reached a similar conclusion.[4] The

---

3. The motion explained that although the court had pronounced that this matter should be raised in a post-conviction habeas corpus petition, W.Va.Code 53–4A–1(e) provided that a post-con-

viction habeas corpus petition could not be filed until after the expiration of the period of appeal.

4. *United States v. Ursery,* 59 F.3d 568 (6th Cir. 1995).

Supreme Court granted review in order to determine whether the Court had in fact abandoned its traditional two-prong test for determining whether a civil forfeiture constituted punishment. The Court reversed both cases and held that "civil forfeitures ... [in general] do not constitute 'punishment' for purposes of the Double Jeopardy Clause." *U.S. v. Ursery,* —— U.S. ——, ——, 116 S.Ct. 2135, 2138, 135 L.Ed.2d 549 (1996).[5] In addition, the Court reaffirmed its traditional two-prong test.

■ This Court has previously recognized that "[t]he scope of the Double Jeopardy Clause of the Fifth Amendment of the Federal Constitution is at least coextensive with that of the Double Jeopardy Clause in the West Virginia Constitution." *State v. Sears,* 196 W.Va. 71, 75 n. 6, 468 S.E.2d 324, 328 (1996); *State v. Frazier,* 162 W.Va. 602, 625 n. 16, 252 S.E.2d 39, 51 (1979).

■ While this Court retains the view that double jeopardy may be found under Article III, § 5 of the West Virginia Constitution in certain circumstances that would not be so considered under the Fifth Amendment to the United States Constitution, we do not find those circumstances present in the case before us and have not been directed by the parties to any such circumstances. Therefore, we explicitly adopt the traditional two-prong test for determining whether a civil forfeiture constitutes punishment, thereby violating the double jeopardy principles of our State Constitution. We hold that to determine whether a particular statutorily defined penalty is civil or criminal for the purpose of double jeopardy under Article III, § 5 of the West Virginia Constitution, we must ask: (1) whether the Legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly that the statutory penalty in question was intended to be civil or criminal; and (2) where we find that the Legislature has indicated an intention to establish a civil penalty, whether the statutory scheme was so punitive either in purpose or effect as to negate that intention. *See Unit-*

ed States v. One Assortment of 89 Firearms, 465 U.S. 354, 362–363, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361, 368 (1984); *United States v. Ward,* 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742, 749 (1980). Under the authority of *U.S. v. Ursery, supra,* we likewise apply that test when reviewing this State's forfeiture statute and this case under the Fifth Amendment to the Constitution of the United States.

■ Turning to the case at hand, we must first examine the West Virginia Contraband Forfeiture Act, W.Va.Code § 60A–7–701, *et seq.,* to determine whether the Legislature intended to establish a civil or criminal penalty. We need not engage in a lengthy analysis on this point, however, because the Legislature specifically states in W.Va.Code § 60A–7–705(a)(1) that "[a]ny proceeding wherein the state seeks forfeiture of property subject to forfeiture under this article shall be a civil proceeding...."

■ Having determined that the Legislature intended a civil penalty, we must next determine whether the statutory scheme was so punitive, either in purpose or effect, as to negate that intention. " ' "Only the clearest proof" ' that the purpose and effect of the forfeiture are punitive will suffice to override [the Legislature's] manifest preference for a civil sanction." *United States v. One Assortment of 89 Firearms,* 465 U.S. at 365, 104 S.Ct. at 1106, 79 L.Ed.2d at 370 (citations omitted).

The United States Supreme Court has repeatedly analyzed statutes substantially identical to our forfeiture statute and has found that they are not punitive. *U.S. v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (finding 21 U.S.C. §§ 881(a)(6) and (a)(7) not punitive); *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984) (finding 18 U.S.C. § 924(d) not punitive); and *One Lot Emerald Cut Stones v. United States,* 409

---

5. The Court opined that the Ninth and Sixth Circuit Courts misread *Halper, Kurth Ranch* and *Austin.* The Court explained that *"Halper* dealt with in personam civil penalties under the Double Jeopardy Clause; *Kurth Ranch* with a tax proceeding under the Double Jeopardy Clause;

and *Austin* with civil forfeitures under the Excessive Fines Clause. None of those cases dealt with the subject of this case; in rem civil forfeitures for purposes of the Double Jeopardy Clause." *Id.* at ——, 116 S.Ct. at 2147.

U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (finding 18 U.S.C. § 545 not punitive).

■ Although the State's forfeiture petition did not identify the specific sections of the West Virginia Contraband Forfeiture Act under which it sought forfeiture, it appears to us that the only applicable sections are W.Va.Code 60A–7–703(a)(2), which permits forfeiture of "[a]ll raw materials, products and equipment of any kind which are used, or intended for use, in manufacturing compounding, processing, delivering, importing or exporting any controlled substance in violation of this chapter", and W.Va.Code 60A–7–703(a)(4), which permits forfeiture of "[a]ll conveyances, including aircraft, vehicles or vessels, which are used, have been used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in subdivision (1) or (2), . . ."[6]

West Virginia Code §§ 60A–7–703(a)(2) and (4) are substantially identical to 21 U.S.C. § 881(a)(6) and (7). Although the property subject to forfeiture is different in each of these sections, all of these sections provide for the forfeiture of items "used, or intended for use" in violation of laws related to the illegal use of controlled substances. The United States Supreme Court has observed that "[r]equiring the forfeiture of property used to commit federal narcotics violations encourages property owners to take care in managing their property and ensures that they will not permit that property to be used for illegal purposes." *United States v. Ursery,* ⸺ U.S. ⸺, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).[7] We believe the relevant sections of the West Virginia

Contraband Forfeiture Act have a similar instructive, rather than punitive, effect. Thus, we hold that W.Va.Code §§ 60A–7–703(a)(2) and (4) are not punitive for the purposes of the guarantees against double jeopardy as expressed in the United States and West Virginia Constitutions.

For the reasons herein stated, we affirm the June 21, 1995 order of the Circuit Court of Cabell County.

Affirmed.

CLECKLEY, Justice, concurring:

I concur in all respects with the result reached in the majority opinion. I write separately to add my observations to an issue only lightly raised by the State. The majority opinion is absolutely correct to proceed to the merits of the double jeopardy claim notwithstanding the failure of the defendant to raise it in the circuit court.

The State suggests the defendant has waived/forfeited the opportunity to raise the double jeopardy claim on appeal. Having felt the lash of administrative forfeiture of property, the defendant now asks this Court to reverse his guilty plea conviction and bar further proceedings in the underlying criminal action on double jeopardy grounds. The difficulty is that the *nisi prius* court was never presented this issue and we are asked on appeal to review this constitutionally framed issue for the first time. In my mind, the threshold question is whether the defendant has vaulted this waiver/forfeiture hurdle.

---

**6.** West Virginia Code § 60A–7–703(a)(1) states:
    (a) The following are subject to forfeiture:
    (1) All controlled substances which have been manufactured, distributed, dispensed or possessed in violation of this chapter[.]

**7.** In determining whether the purpose and effect of a forfeiture statute is punitive, the Supreme Court of the United States has also utilized the following list of factors, which it cautions are neither exhaustive nor dispositive: "Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of *scienter,* whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the

behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned...." *United States v. One Assortment of 89 Firearms,* 465 U.S. at 365, n. 7, 104 S.Ct. at 1106, n. 7, 79 L.Ed.2d at 370, n. 7 (quoting *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644, 661 (1963)). Viewed against such factors, we find nothing in the record or the briefs of the parties which mandates or suggests the suitability of construing this State's forfeiture statute as punishment that would invoke the double jeopardy principles approved by this Court or the United States Supreme Court.

Ordinarily, a criminal case is ripe for the ministrations of appeal only after the lower court has made a definitive ruling on the matter. As suggested above, in this instance, the defendant knocked on the appellate doors without ever asking the circuit court for a ruling or, for that matter, making a factual record on this precise issue. The defendant argues forcefully that because this issue comes under the rubric of double jeopardy, he is permitted to evade the "forfeiture" bar.

To be clear, the State does not argue that the procedural bar in this case be imposed under the "raise or waive" rule but, instead, argues the defendant chose to enter a valid plea on the record without preserving his right to appeal the constitutional issue. Nevertheless, I believe it is appropriate to discuss the flexibility inherent in this Court to address issues not properly preserved below within the context of the "waive or raise" rule. First, to be sure, a defendant who fails to raise any issue in the circuit court proceeds at his or her peril even when the issue is of a constitutional dimension. The requirement that issues be preserved below is even more pronounced in guilty plea cases. If any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences.[1] *See State v. Sims,* 162 W.Va. 212, 248 S.E.2d 834 (1978). Also, a defendant has before him or her the procedural mechanism to protect his or her rights. Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure [2] provides the protection for a defendant who wants to plead guilty but nevertheless wants to appeal an alleged constitutional infirmity. *See State v. Lilly,* 194 W.Va. 595, 605–07, 461 S.E.2d 101, 111–13 (1995). (Cleckley, J., con-

curring). However, foolish consistency is the hobgoblin of little minds, *see* Ralph Waldo Emerson, "Self Reliance," in *Essays First Series* (1848), and, in the last analysis, all these principles discussed above are procedural rules of discretion. Thus, although the rule requiring all appellate issues be raised first in the circuit court is important, it is not immutable: Our cases have made clear that the failure to raise issues below is not a jurisdictional prerequisite to an appeal but, rather, is a gatekeeper provision rooted in the concept of judicial economy, fairness, expediency, respect, and practical wisdom. Requiring issues to be raised at the trial level is a juridical tool, embodying appellate respect for the circuit court's advantage and capability to adjudicate the rights of our citizens.

This case, however, is not one in which, by neglecting to raise an issue in a timely manner, a litigant has deprived this Court of useful factfinding. The issue raised here, but omitted below, is purely legal in nature and lends itself to satisfactory resolution on the existing record without further development of the facts. In other words, the defense of double jeopardy raised here is law-based, not fact-based, and our review of the circuit court's ruling is *de novo*. These attributes ease the way for permitting this appeal to go forward. More importantly, the defendant's belated proffer raises an issue of constitutional magnitude, a factor that favors review notwithstanding a procedural default. The omission below seems more inadvertent than deliberate; although withholding this argument could have had the effect of blindsiding the circuit judge and needlessly prolonging the litigation, it yielded no tactical advantage to the defendant. Finally, the double jeopardy issue implicates matters of great public moment and touches on policies

---

1. A knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects. A double jeopardy claim is not a "true" jurisdictional issue (one that renders the court powerless to consider the case) and for that reason can be subject to waiver under appropriate circumstances. Absent exceptional circumstances, such as where the parties execute an agreement reached prior to the plea, this Court will not recognize an attempt to reserve the right of appeal *nunc pro tunc*. In short, the failure to follow the procedures set forth in Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure will result in a

valid guilty plea waiving all nonjurisdictional defects in the proceedings below.

2. Rule 11(a)(2) provides:

"Conditional pleas.—With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea."

involving effective means to protect the public from drugs and other types of harm emanating from crime. I believe this sensitivity is appropriately expressed by a frank recognition that, when public, as well as institutional, interests are at stake, the case for the flexible exercise of this Court's discretion is strengthened and waiver rules ought not to be applied inflexibly.

Here, an important issue of public concern confronts us. It is presented belatedly, but it is in a posture that permits proper resolution on the existing record and works no unfair prejudice to either party. Failure to address and provide proper guidelines for future prosecutions when this issue of double jeopardy appears may well result in an unwarranted denial of justice. "Rules of practice and procedure are devised to promote the ends of justice, not to defeat them." *Hormel v. Helvering,* 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037, 1041 (1941).

Unquestionably, a colorable claim of former jeopardy need not invariably be presented in a circuit court before it is entitled to receive appellate consideration.[3] Such claims are unique and distinctive because the Constitution insists that " 'courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not *attempt* to secure that punishment in more than one trial.' " *Witte v. United States,* —— U.S. ——, ——, 115 S.Ct. 2199, 2205, 132 L.Ed.2d 351, 362 (1995), *quoting Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194 (1977). (Emphasis added). *See also State v. Sears,* 196 W.Va. 71, 468 S.E.2d 324 (1996). Realization of the solemn promise of this constitutional guaranty makes it appropriate sometimes for appellate courts to entertain a claim that has not been raised or resolved below because otherwise a violation of the Double Jeopardy Clause would occur. Under a double jeopardy claim, a court must decide whether the State had the power to bring a defendant again into court. This issue surely has the sound of a jurisdictional-related question. I agree wholeheartedly with this argument, and I believe this is a classic case for invoking the exemption.

Second, there is an impressive body of authority suggesting a guilty plea does not necessarily waive a double jeopardy claim. *See Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Concededly, however, the United States Supreme Court carved out an important exception to this general rule in *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). *Broce* carved out a "face of the indictment" exception. Under *Broce,* if deciding a double jeopardy claim requires going beyond the existing record and holding a separate evidentiary hearing, a defendant's guilty plea bars any antecedent constitutional violations—including a double jeopardy claim. The justification for the *Broce* rule is that such a double jeopardy claim cannot be proven without contradicting the existing record "and that opportunity is foreclosed by the admissions inherent in [the] guilty plea[]." 488 U.S. at 576, 109 S.Ct. at 766, 102 L.Ed.2d at 940. In explaining its departure from *Blackledge* and *Menna,* the Supreme Court made the following distinguishing analysis:

> "Both *Blackledge* and *Menna* could be (and ultimately were) resolved without any need to venture beyond [the record as it existed at the plea proceeding]. In *Blackledge,* the concessions implicit in the defendant's guilty plea were simply irrelevant, because the constitutional infirmity in the proceedings lay in the State's power to bring any indictment at all. In *Menna,* the indictment was facially duplicative of the earlier offense of which the defendant had been convicted and sentenced so that the admissions made by Menna's guilty plea could not conceivably be construed to extend beyond a redundant confession to the earlier offense." 488 U.S. at 575–76, 109 S.Ct. at 765–66, 102 L.Ed.2d at 940.

The *Broce* opinion has been explained as follows:

> "The Court explained that a guilty plea is more than a confession to specific acts described in an indictment; rather it constitutes an admission by the defendant that he or she committed the crime charged

---

**3.** Indeed, a petition for extraordinary relief that raises a colorable claim of double jeopardy need

not invariably await trial and conviction in the circuit court.

against him. Thus, the guilty pleas in *Broce* constituted admissions that the defendants were guilty of two separate crimes. Regardless of the defendants' subjective state of understanding or intent, by pleading guilty they gave up their right to prove, factually, that they were not." I Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* 793 (1993).

Of course, the issue here is not whether the defendant is guilty of the crime charged in the indictment but whether he already has been punished for it. I believe *Broce* is inapposite and its holding in no way limits the opportunity for a criminal defendant to challenge the imposition of double punishment. If *Broce* means anything, it means that claims litigated below that are inconsistent with an admission of guilt are waived by a guilty plea. Clearly, the admission of guilt in no way impacted the issue of double punishment. Furthermore, whether the defendant's plea barred his claim of double jeopardy can be determined merely by a study of the indictment and the existing record; no more is required.

In conclusion, it is my belief that the double jeopardy issue is properly before this Court and proceeding to resolve the issue on the merits is most consistent with our mission. *See State v. LaRock,* 196 W.Va. 294, 314, 470 S.E.2d 613, 633 (1996) ("[t]he obligation of the courts to deliver justice is paramount, and it may not be scrapped for the benefit of cheaper and more rapid dispositions").