478 S.E.2d 118

STATE of West Virginia and Brian Keith Purkey, Police Officer—Bridgeport Police Department, Harrison County, West Virginia, Plaintiffs Below, Appellees,

v.

ONE (1) 1994 DODGE TRUCK AUTOMOBILE, VEHICLE IDENTIFICATION NUMBER—1B7KF26C8RS509386, West Virginia Registration Number—NYM–628, with all appurtenances and attachments thereon, Defendant Below, Appellant,

and

Thad Kent Corder, Appellant.

No. 23376.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 1996.

Decided Oct. 15, 1996.

Dawn E. Warfield, Deputy Attorney General, Charleston, for Appellee.

Thomas G. Dyer, Dyer Law Offices, and Katrina L. Gallagher, Waters, Warner & Harris, Clarksburg, for Appellant.

PER CURIAM:

This is an appeal by Thad Kent Corder from an order of the Circuit Court of Harrison County authorizing the forfeiture of Mr. Corder's 1994 Dodge truck pursuant to the provisions of W.Va.Code §§ 60A–7–703 and 60A–7–704. West Virginia Code § 60A–7–703 subjects to forfeiture vehicles used to facilitate the sale of controlled substances, and W.Va.Code § 60A–7–704 prescribes certain procedures relating to the seizure and treatment of such property.[1]  Prior to the

---

1. The relevant provision of W.Va.Code § 60A–7–703 states:

(a) The following are subject to forfeiture:
(1) All controlled substances which have been manufactured, distributed, dispensed or possessed in violation of this chapter;

\*     \*     \*     \*     \*     \*

(4) All conveyances, including aircraft, vehicles or vessels, which are used, have been used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in subdivision (1) or (2), except that:

(i) No conveyance used by any person as a common carrier in the transaction of business as a common carrier shall be forfeited under this section unless it appears that the person owning such conveyance is a consenting party or privy to a violation of this chapter;

(ii) No conveyance shall be forfeited under the provisions of this article if the person owning such conveyance establishes that he neither knew, nor had reason to know, that such conveyance was being employed or was likely to be employed in a violation of this chapter; and

(iii) No bona fide security interest or other valid lien in any conveyance shall be forfeited

circuit court's ordering the forfeiture of Mr. Corder's vehicle, Mr. Corder had pled guilty to two counts of delivery of a controlled substance within one thousand feet of a school. On appeal, Mr. Corder claims that the court's granting the State's petition for civil forfeiture, after Mr. Corder had already pled guilty to the criminal acts supporting the forfeiture, was unconstitutional under the double jeopardy provisions of the Fifth Amendment to the United States Constitution. After reviewing the facts of the case and the issues presented, this Court disagrees with Mr. Corder's assertion and affirms the action of the circuit court in declaring the forfeiture.

The record in this case shows that on October 18, 1994, and October 27, 1994, an undercover agent of a Harrison County Narcotics Task Force purchased marijuana from Thad Kent Corder. At the time of the October 18, 1994 purchase, the informant was "wired" with listening devices and was observed by Bridgeport police officers. The informant met Mr. Corder in a parking lot beside Mr. Corder's truck, at which time Mr. Corder handed the informant an clear plastic bag containing approximately a quarter of an ounce of marijuana.

At the time of the October 27, 1994 incident, the informant, who was again wired and being observed by police officers, entered the cab of Mr. Corder's 1994 Dodge pickup truck, and while he was in the truck the informant gave Mr. Corder $150.00 in exchange for three plastic bags containing approximately three quarters of an ounce of marijuana.

Pursuant to a search warrant issued on December 30, 1994, Mr. Corder's 1994 Dodge truck was seized by a Bridgeport police officer, Brian Keith Purkey.

Mr. Corder was subsequently indicted for two counts of delivery of a controlled substance within one thousand feet of a school and one count of delivery of a controlled substance. At the time the indictment was returned, the State filed a petition for forfeiture of Mr. Corder's 1994 Dodge truck pur-

suant to the provisions of W.Va.Code §§ 60A–7–703 and 60A–7–704 on the ground that the vehicle had "been used to transport or in any manner facilitate the transportation, sale, receipt, possession or concealment of any controlled substance" in violation of W.Va.Code § 60A–4–401.

On May 17, 1995, Mr. Corder pled guilty to the charges against him. On May 24, 1995, subsequent to Mr. Corder pleading guilty to the charges, an evidentiary hearing was conducted in the Circuit Court of Harrison County on the State's petition for the civil forfeiture of Mr. Corder's 1994 Dodge truck. The uncontroverted testimony at that hearing was that the 1994 Dodge truck had been used by Mr. Corder to transport and facilitate the sale of controlled substances. Mr. Corder objected to the civil forfeiture solely on the ground that forfeiture after his conviction was unconstitutional under the principles of double jeopardy.

In spite of Mr. Corder's objections, the circuit court, as previously indicated, declared a forfeiture of the 1994 Dodge truck. In the present proceeding, Mr. Corder again claims that the circuit court's order violated the double jeopardy provisions of the Fifth Amendment to the United States Constitution.

After the filing of Mr. Corder's appeal in this case, this Court, in *State v. Greene,* 196 W.Va. 500, 473 S.E.2d 921 (1996), addressed the issue of whether a civil forfeiture under the provisions of W.Va.Code § 60A–7–703 violates double jeopardy principles when the owner of the property forfeited was also subjected to a clearly criminal sanction.

In syllabus point 2 of *State v. Greene, Id.,* the Court stated:

To determine whether a particular statutorily defined penalty is civil or criminal for the purpose of double jeopardy under Article III, § 5 of the West Virginia Constitution, we must ask: (1) whether the Legislature, in establishing the penalizing mechanism, indicated, either expressly or impliedly, that the statutory penalty in

under the provisions of this article, unless the state proves by a preponderance of the evidence that the holder of such security interest or lien

either knew, or had reason to know, that such conveyance was being used or was likely to be used in a violation of this chapter;....

question was intended to be civil or criminal; and (2) where we find that the Legislature has indicated an intention to establish a civil penalty, whether the statutory scheme was so punitive either in purpose or effect as to negate that intention.

The Court also ruled, in syllabus point 3:

West Virginia Code §§ 60A–7–703(a)(2) and (4) are not punitive for the purposes of the guarantees against double jeopardy as expressed in the United States and West Virginia Constitutions.

In reaching that conclusion, the Court examined the federal cases which upheld 21 U.S.C. § 881(a)(6) and (7). The Court noted that W.Va.Code § 60A–7–703(a)(2) and (4) were substantially identical to the federal section .upheld. The Court also concluded that the relevant sections of West Virginia's forfeiture act had instructive, rather than punitive, effects.

This Court believes that the present case is governed by the holding in *State v. Greene, supra,* and that, as a consequence, Mr. Corder's claim that the seizure of his Dodge truck violated the double jeopardy provisions of the United States Constitution is without merit.

The judgment of the Circuit Court of Harrison County is, therefore, affirmed.

Affirmed.

RECHT, J., sitting by temporary assignment.