## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-0033** (Brooke County 12-F-4)

**Aaron Hartley,**
**Defendant Below, Petitioner**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Aaron Hartley, by counsel Patricia Kurelac, appeals the December 7, 2012, sentencing order of the Circuit Court of Brooke County that sentenced petitioner to two consecutive terms of incarceration of first degree robbery. The State of West Virginia, by counsel Laura Young, filed a summary response. On appeal, petitioner alleges that the circuit court violated his double jeopardy protections when it accepted his guilty pleas to two counts of first degree robbery.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, petitioner entered the victims' residence. He pointed a firearm at Elaine Brindley and demanded money. Emanuel Brindley interrupted and a struggle ensued between petitioner and Mr. Brindley. As a result, petitioner was indicted on one count of first degree robbery against Mrs. Brindley, one count of burglary, one count of first degree robbery against Mr. Brindley, and two counts of assault during the commission of a felony. In October of 2012, petitioner pled guilty to two counts of first degree robbery pursuant to West Virginia Code § 61-2-12(a)(1). As a condition of the plea agreement, the State dismissed the remaining charges. The plea agreement also included a provision that stated as follows:

> The Defendant further agrees that he is forever waiving his right to challenge the validity of this plea agreement or to attempt to set aside or nullify any convictions herein obtained by habeas corpus action, in state or federal court, or to otherwise challenge the validity of his convictions in any legal proceedings of any nature in any court. It is the intention of the parties hereto that the Defendant's convictions be **permanent and final**.

(Emphasis in original). Petitioner was sentenced to a term of incarceration of ten years on each count of first degree robbery to be served consecutively.

1

On appeal, notwithstanding his plea agreement petitioner argues that the circuit court violated his double jeopardy protections under the Fifth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution when it accepted his guilty plea to two counts of first degree robbery. He argues that there was only one incident, thus he is guilty of only one count of robbery.[1]

It is well-established law in our State that a criminal defendant has the right to petition for an appeal of his conviction. Nevertheless, "[a]n appeal ordinarily does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." *State v. Sims,* 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978). Furthermore, "A circuit court has no authority to vacate or modify, *sua sponte,* a validly accepted guilty plea . . . ." Syl. Pt. 5, *State ex rel. Brewer v. Starcher*, 195 W.Va. 185, 465 S.E.2d 185 (1995). As this Court stated in *State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996), "[i]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences." *See also*, *Tollett v. Henderson*, 411 U.S. 258 (1973) (stating when a criminal defendant openly in court admits he is guilty of the offense charged, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," but may only "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was" constitutionally deficient). A review of the record on appeal presents no basis for setting aside his guilty pleas or the convictions. If petitioner believes that the advice he received from counsel when entering into the plea agreement was constitutionally deficient, such that his pleas were not voluntary, he is not foreclosed from filing a petition for habeas corpus on that basis.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1] The "Sentencing Order" stated that

> [B]efore pronouncing sentence in this matter the Court did advise defense counsel that she should appeal on the defendant's behalf the issue as to whether the defendant's conviction for two counts of robbery, as opposed to one count of robbery is appropriate and that she should appeal Count Three as potentially being in violation of double jeopardy.

2