**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

vs.) No. 20-0900 (Wood County 19-F-156)

Jeremy Michael Phipps,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Jeremy Michael Phipps, by counsel Joseph W. McFarland Jr., appeals the October 13, 2020, order of the Circuit Court of Wood County sentencing him to an indeterminate term one to ten years of incarceration. The State of West Virginia, by counsel Patrick Morrisey and Holly M. Flanigan, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, petitioner was indicted on one count of breaking and entering, in violation of West Virginia Code § 61-3-12, and one count of misdemeanor destruction of property, in violation of West Virginia Code § 61-3-30(a). In June of 2019, the prosecutor who presented petitioner's charges to the grand jury moved to voluntarily disqualify himself from the proceedings. The circuit court granted the motion and appointed a special prosecutor.

Petitioner moved to dismiss the indictment in March of 2020. According to the motion, the building that petitioner was alleged to have unlawfully entered was used as a law office. According to petitioner, one of the partners of this law practice had a political affiliation with the prosecutor who presented the case to the grand jury and signed petitioner's indictment. Petitioner did not include any legal authority to support his position that the indictment should be dismissed on these grounds. The circuit court heard argument on petitioner's motion in April of 2020. Petitioner

1

argued that the prosecutor's disqualification should have extended to the grand jury proceedings as well, but petitioner, again, failed to cite any authority in support of his position. The circuit court denied the motion.

In August of 2020, petitioner agreed to plead guilty to one count of breaking and entering, and the State agreed to dismiss the remaining charge. Notably, as part of his agreement, petitioner agreed that he "retain[ed] his appellate rights and rights to collaterally attack his sentence only with respect to any sentence imposed that is more severe than [the statutory penalty], but otherwise any right of appeal of the sentence imposed by the Court is hereby waived." Furthermore, petitioner, with the assistance of counsel, prepared forms in support of his plea of guilty. Therein, petitioner asserted, in writing, that he fully understood his right to challenge the circuit court's pre-trial rulings and that he understood he was waiving this right by entering a guilty plea:

> 52. Do you know and understand that you have the right to challenge and test, in this court and in the Supreme Court, any errors in all trial and pre-trial proceedings? [A handwritten "YES" follows.]

> 53. (a) Has your attorney . . . explained to you that by pleading "Guilty" you waive all constitutional rights and provisions of the law just discussed? [A handwritten "YES" follows.]

> . . . .

> 54. Do you know and understand that by pleading "Guilty" you waive all these provisions of the law and constitutional rights available to you, that you will be convicted of the crime(s) you are pleading guilty to, and that you will be subjected to the maximum sentence provided by law, upon your plea of guilty alone, without further proceedings? [A handwritten "YES" follows.]

The circuit court held a plea hearing in August of 2020 and engaged petitioner in a plea colloquy. As part of this colloquy, petitioner again acknowledged that he had "the right to challenge and test in this [c]ourt, and in the Supreme Court, any errors in all trial and pre-trial proceedings" and that by pleading guilty he was waiving this right. Based on its questioning and his answers, the circuit court concluded that petitioner understood his rights and that he knowingly, voluntarily, and intelligently waived those rights. Accordingly, the circuit court found petitioner guilty of one count of breaking and entering. Finally, in October of 2020, the circuit court sentenced petitioner to an indeterminate term of one to ten years of incarceration. Petitioner now appeals the circuit court's October 13, 2020, sentencing order.

Petitioner's sole assignment of error on appeal is that the circuit court abused its discretion in denying his motion to quash the indictment and dismiss it with prejudice. Petitioner reiterates his argument below that the prosecutor's disqualification should have applied at the grand jury stage of the proceeding, and the prosecutor's failure to disqualify himself at this stage renders the indictment defective.

2

In reviewing challenges to a circuit court's order regarding a motion to dismiss an indictment, we employ the following standard of review:

> This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d 449 (2009).

We have held that a "defendant waives significant constitutional rights by entering into a plea agreement." *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 77, 404 S.E.2d 763, 768 (1991). "If any principle is well settled in this State, it is that in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences." *State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In sum, once a criminal defendant waives constitutional rights, "he cannot be heard to complain thereafter." *Call v. Mckenzie*, 159 W. Va. 191, 196, 220 S.E.2d 665, 669 (1975).

Here, petitioner waived and forfeited his right to appeal the circuit court's denial of his motion to quash the indictment by failing to enter a conditional guilty plea that would have preserved the issue for appellate review.[1] *See State v. Legg*, 207 W. Va. 686, 690 n.7, 536 S.E.2d 110, 114 n.7 (2000)("When a defendant unconditionally and voluntarily pleads guilty to an offense, the defendant generally waives nonjurisdictional objections to a circuit court's rulings, and therefore cannot appeal those questions to a higher court."). As petitioner waived his right to appeal this error by pleading guilty unconditionally, we decline to address the issue in this memorandum decision.[2]

---

[1]Rule 11(a) of the West Virginia Rules of Criminal Procedure addresses pleas generally and includes an express provision regarding conditional guilty pleas, which reads as follows:

> (2) Conditional pleas. With the approval of the court and the consent of the state, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

[2]We briefly consider petitioner's reliance on *Farber v. Douglas*, 178 W. Va. 491, 361

(continued . . .)

For the foregoing reasons, we find no error in the circuit court's October 13, 2020, order.

Affirmed.

**ISSUED**: October 1, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

S.E.2d 456 (1985), which is the only case that he cites in support of his argument on appeal. *Farber* is distinguishable from these facts as the prosecutor in *Farber* had "a direct interest [in the prosecution of the defendant] and [was] personally implicated [in the alleged events.]" *Id*. at 494, 361 S.E.2d at 459. Petitioner even admits on appeal that the prosecutor in this case "did not have a direct interest in the subject of the indictment [but] his former campaign officer did." Petitioner cites to no authority that broadens the holding of *Farber* to individuals without a "direct interest" in the prosecution.

4