**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Eric Kell,
**Petitioner Below, Petitioner**

**vs.) No. 21-0978** (Mercer County 20-C-130DS)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eric Kell appeals the Circuit Court of Mercer County's November 5, 2011, order denying his petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner pled guilty[2] to six counts of sexual abuse by a parent, guardian, custodian or person in a position of trust to a child and six counts of third-degree sexual assault. He was sentenced and did not file a direct appeal. Instead, petitioner filed a petition for a writ of habeas corpus.[3] The court conducted an omnibus evidentiary hearing, after which it denied petitioner habeas relief. Petitioner now appeals from that order.

---

[1] Petitioner appears by counsel Robert P. Dunlap, II. Respondent appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Gail V. Lipscomb.

[2] At the plea hearing, the State offered a summary of the evidence it would present at trial to support petitioner's convictions. Petitioner agreed with the State's summary and advised the court that he was entering a guilty plea because he was "in fact guilty." Moreover, petitioner confirmed he understood that by entering a guilty plea he was waiving any non-jurisdictional defects in the criminal proceeding against him. After an extensive colloquy, the court accepted petitioner's guilty plea, finding that there was a factual basis for the plea and that petitioner entered his plea "freely, voluntarily, intelligently, knowingly and understandably."

[3] Petitioner asserted the following claims for habeas corpus relief: (1) lack of mental competency at the time of the crime; (2) lack of mental competency at time of trial; (3) ineffective assistance of counsel; (4) cumulative error; (5) consecutive sentence for the same transaction; (6) (continued . . . )

In this appeal, petitioner argues that the court "erred by abusing its discretion in denying [p]etitioner's claim regarding [p]etitioner's allegation that the tape recording of his interview by law enforcement was tampered with after the fact [and] that [p]etitioner was under the influence of Xanax in violation of [p]etitioner's Constitutional rights" at the time that he provided the statement.

Our review is guided by the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

We have repeatedly held, "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." *Meadows v. Mutter*, 243 W. Va. 211, 218-19, 842 S.E.2d 764, 771-72 (2020) (citation omitted).

At the outset, we acknowledge that petitioner was convicted upon his knowing, voluntary, and intelligent unconditional guilty plea. We have noted that "[i]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences." *State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996); *See also*, *State v. Bennett,* 179 W. Va. 464, 475, 370 S.E.2d 120, 131 (1988) ("the defendant waives all procedural objections except the jurisdiction of the court and the voluntariness of his plea when he pleads guilty."). Accordingly, inasmuch as petitioner pled guilty, we find that petitioner waived any right to complain about the court's ruling on his motion to suppress.

Moreover, petitioner did not raise these claims with the circuit court. Although petitioner claimed in his motion to suppress that his statement was not provided "knowingly, intelligently and voluntarily and was the product of coercion in a manner inconsistent with constitutional principles," he did not argue in his habeas petition or during his omnibus habeas hearing that his recorded statement had been tampered with as a ground for relief.[4] Additionally, petitioner did not argue below that he was not capable of giving a statement to law enforcement because he took

---

unfulfilled plea bargains; (7) erroneous information in the pre-sentence report; (8) non-disclosure of grand jury minutes; and (9) mistaken advice of counsel as to parole or probation eligibility.

[4] On cross-examination at the omnibus hearing, petitioner's trial counsel testified that he did not recall petitioner raising any concerns related to the statement nor did he hear any breaks or pauses in the recording. Although petitioner's habeas counsel asked a few fleeting cross-examination questions that referenced the possibility of alleged tampering with petitioner's statement, petitioner did not raise this in his petition or at the omnibus hearing. Accordingly, the habeas court did not consider tampering of petitioner's statement as a ground for habeas relief.

2

Xanax or another medication.[5] It is well established that "our law clearly supports the proposition that any grounds not raised in the petition for habeas corpus are deemed waived." *Lewis v. Ames*, 242 W. Va. 405, 410, 836 S.E.2d 56, 61 (2019). Accordingly, because petitioner did not raise these issues in the circuit court, we find that he waived these arguments.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] At his suppression hearing, petitioner argued the opposite — that he was not adequately medicated at the time he gave his statement to law enforcement.