# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 22-913** (Barbour County 19-F-80)

**Collins Brandon Murphy,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Collins Brandon Murphy appeals the Circuit Court of Barbour County's November 17, 2022, order sentencing him following his conditional guilty plea to two counts of burglary.[1] Here, the petitioner argues that the facts as alleged in the indictment, and as set forth by the State at the plea hearing, are insufficient to demonstrate that he committed burglary. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In 2019, the Barbour County Grand Jury returned an indictment against the petitioner charging him with six counts of burglary. The indictment alleged that the petitioner, a former resident director over the Kincaid Dormitory at Alderson Broaddus University, entered into three different dorm rooms with the intent to commit criminal invasion of privacy under West Virginia Code § 61-3-11 by placing cameras in the bathrooms and obtaining nude photographs of the female occupants.

On January 28, 2022, the petitioner and the State entered a plea agreement whereby the petitioner agreed to enter a conditional plea pursuant to Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure, pleading guilty to two counts of burglary and reserving the right to appeal the circuit court's "adverse determination that the [petitioner] committed a burglary." In exchange, the State agreed to dismiss the remaining counts in the indictment. Simultaneously, the petitioner filed a motion to certify a question to this Court. At the plea hearing held that same day, the petitioner requested that the circuit court either "certify a question here . . . or preliminarily rule on the matter and let us deal with the conditional plea." The State objected to the motion to certify a question and explained that the issue raised by the petitioner was whether a dormitory room

---

[1] The petitioner appears by counsel Jeremy B. Cooper and James E. Hawkins. The respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

constituted a dwelling house under the burglary statute. The State contended that was a question for the jury and argued against granting the motion.

The circuit court denied the motion to certify a question, finding that a dormitory met the relevant statutory definition and that the State would have "to prove to the jury that a victim was utilizing that dormitory room as his or her dwelling." However, the court recognized that this question was dispositive in this case and that if a dormitory room could not meet the statutory definition, "then the indictment is facially defective." The court therefore concluded that a conditional plea was appropriate.

Following the plea colloquy and the State's recitation of the facts it believed could be proven at trial, the circuit court accepted the petitioner's plea.[2] Importantly, in a September 12, 2022, order following the plea hearing, the circuit court again found that the petitioner had entered a conditional plea agreement "to preserve his right to appeal the Court's adverse finding concerning whether a dormitory would qualify as a dwelling." By order dated November 17, 2022, the circuit court sentenced the petitioner to two consecutive terms of one to ten years of incarceration. The petitioner now appeals.

In his sole assignment of error, the petitioner argues that the facts as set forth in the indictment and by the State at the plea hearing are insufficient to demonstrate that the petitioner committed burglary. Specifically, the petitioner claims that the burglary statute in effect at the time of the crime required that he break and enter the dwelling house of another "with the intent to commit a crime *therein*." W. Va. Code § 61-3-11 (2011) (emphasis added). Here, the underlying crime alleged by the State was criminal invasion of privacy under West Virginia Code § 61-8-28(b), which sets forth that it "is unlawful for a person to knowingly visually portray another person without that other person's knowledge, while that person is fully or partially nude and is in a place where a reasonable person would have an expectation of privacy." According to the petitioner, he could not have had the intent to commit criminal invasion of privacy "therein," i.e., inside the dormitory room, because he would have had to portray, or upload the pictures to a pornography website, at a different time and location. The petitioner contends that because the State could not demonstrate that he had the intent to commit criminal invasion of privacy inside the dormitory room, it could not demonstrate that he committed burglary.

Upon our review, we conclude that the petitioner waived his right to raise this issue on appeal by entry of his guilty plea. We have explained that a "defendant waives significant

---

[2] In addition to being a conditional plea under Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure, the petitioner's plea was made pursuant to *Kennedy v. Frazier*, 178 W. Va. 10, 12, 357 S.E.2d 43, 45 (1987) (recognizing that, under *North Carolina v. Alford*, 400 U.S. 25 (1970), "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him"). While commonly confused, these two types of pleas have distinct purposes. *See State v. Lilly*, 194 W. Va. 595, 605 n.2, 461 S.E.2d 101, 111 n.2 (1995) (Cleckley, J., concurring) (explaining that, in contrast to a conditional guilty plea, an *Alford* plea "does not in itself reserve any issue for appeal").

constitutional rights by entering into a plea agreement." *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 77, 404 S.E.2d 763, 768 (1991); *see also State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (stating that "[i]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."). The right to appeal following a defendant's entry of a guilty plea is limited, and our review is guided by Syllabus Point 1 of *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978), which provides "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." One exception is a "conditional" plea under Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure, which provides that "a defendant may enter a conditional plea of guilty . . ., reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea." Accordingly, a conditional plea permits a defendant to plead guilty, but preserve *specific* questions for appeal.

The record is clear that, below, the petitioner entered a conditional plea pursuant to Rule 11(a)(2). However, the petitioner preserved an altogether different issue than the one he now attempts to raise on appeal. Specifically, the record clearly shows that the petitioner preserved the issue of whether a dormitory room meets the statutory definition of a dwelling house under the burglary statute, an argument he does not raise in this appeal. There is nothing whatsoever in the record indicating that the petitioner raised or attempted to preserve the question of whether the facts, as set forth in the indictment or by the State at the plea hearing, could demonstrate that he had the requisite intent to commit criminal invasion of privacy when he entered the dormitory room. Indeed, at the plea hearing, when the petitioner presented his motion to certify a question to this Court, the ensuing discussion focused *only* on the question of whether a dormitory met the statutory definition of dwelling house necessary for burglary. Moreover, the circuit court, both on the record and in the order following the plea hearing, specifically indicated that the issue preserved by the petitioner pursuant to his conditional plea pertained to whether a dormitory could constitute a dwelling house. The record is devoid of the petitioner objecting to this characterization or advising the court that he desired to preserve any additional issues.

Accordingly, we find that the petitioner waived his right to appeal the issue he now raises. Given the petitioner's guilty plea, we decline to address on direct appeal the issue of whether the State could have demonstrated that the petitioner had the requisite intent to commit criminal invasion of privacy in the course of the burglary.

For the reasons stated above, this Court affirms the November 17, 2022, final order of the Circuit Court of Barbour County.

Affirmed.

**ISSUED:** August 7, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice Elizabeth D. Walker
Justice C. Haley Bunn


Bunn, Justice, dissenting, joined by Walker, Justice:

I dissent to the majority's resolution of this case. I would have set this case for oral argument and resolved the petitioner's claims in a signed opinion. The majority decision makes many factual and legal conclusions without adequate analysis or consideration, including conclusions relating to (1) what, if any, issues the petitioner properly preserved via motion to the circuit court; (2) whether a motion to certify a question to this Court serves as an adequate basis for a conditional plea under Rule 11(a)(2) of the West Virginia Rules of Criminal Procedure; (3) whether the circuit court's interpretation of the terms of the conditional plea agreement modifies the language in the plea agreement; and (4) the effect of an *Alford* plea on a conditional plea agreement. Furthermore, based on my review, our prior caselaw lacks well-settled answers to some of these issues, and more thorough analysis is necessary to properly resolve this case. Therefore, I respectfully dissent.