**FILED**

**May 18, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 24-473 – *State of West Virginia ex rel. Sonté C. Butler v. Misty Adams, Superintendent, Northern Regional Jail*

EWING, Justice, dissenting:

After the petitioner filed his original jurisdiction petition for a writ of habeas corpus with this Court challenging his continued imprisonment due to the State's failure to indict him within the time limitation imposed by West Virginia Code § 62-2-12 (the "two-term rule"), he was indicted and entered into a plea agreement to resolve those charges pursuant to guilty pleas. The petitioner's plea agreement was unconditional and included an express waiver of the right to pursue the relief he now seeks from this Court. While the majority analyzes the issues presented after finding that an exception exists to the mootness caused by the petitioner's indictment, it fails to justify proceeding in the face of the petitioner's waiver.

By entering a plea of guilty, the petitioner waived the two-term rule challenge that he raises before this Court: "[I]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences." *Pethel v. McBride*, 219 W. Va. 578, 595, 638 S.E.2d 727, 744 (2006) (quoting *State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring)); *see also State v. Lilly*, 194 W. Va. 595, 605–06, 461 S.E.2d 101, 111–12 (1995) (Cleckley, J., concurring) ("As a general rule, an *unconditional* plea of guilty or *nolo contendere*, intelligently and

1

voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings."); *State v. Proctor*, 227 W. Va. 352, 364, 709 S.E.2d 549, 561 (2011) ("A knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects." (quoting *Greene*, 196 W. Va. at 507 n.1, 473 S.E.2d at 928 n.1)).  As Justice Cleckley observed in his concurrence in *Lilly*, "claims of nonjurisdictional defects in the proceedings, such as unlawfully obtained evidence *and illegal detention*, generally will not survive the plea."  *Lilly*, 194 W. Va. at 606, 461 S.E.2d at 112 (emphasis added).  The petitioner's petition is unquestionably a challenge related to "illegal detention."

Moreover, the petitioner expressly waived certain appeal rights in the plea agreement.  The agreement provided that,

> [i]n entering into this plea agreement, the [petitioner] agrees that he is waiving the right to challenge the validity of this plea agreement by direct appeal in state or federal court, to appeal any pre-trial rulings of the circuit court, to try and modify the plea agreement, or to otherwise challenge the validity of the plea agreement in any legal proceeding of any nature in any court and consents to the forfeiture and/or destruction of all the evidence maintained by the State, including all contraband.

The petitioner could have preserved the two-term issue for review by conditioning his plea on his right to appeal the circuit court's ruling denying his motion for discharge from imprisonment.  *See id.* ("An exception to this general rule is a plea conditioned upon the right to appeal certain pretrial rulings."); *see also* W. Va. R. Crim. P. 11(a)(2) (describing

2

conditional pleas). Instead, he did the exact opposite and specifically waived any right to challenge the circuit court's pretrial ruling that the State had not violated the two-term rule.

The majority recognizes that the petitioner's habeas petition was rendered moot by his indictment, and it justifies its decision to address the now-moot issue under established precedent without explaining why the waiver does not apply or why it ignores the waiver question. Waiver and mootness are distinct legal doctrines, and this Court does not apply exceptions to the mootness doctrine to revive claims that are extinguished by an intentional relinquishment. Rather, the Court has historically observed and heeded waivers. *See, e.g.*, *State v. Murphy*, No. 22-913, 2024 WL 3726274 (W. Va. Aug. 7, 2024) (memorandum decision) (declining to address petitioner's challenge to the indictment as it was waived by his guilty plea); *State v. Boyes*, No. 21-0605, 2022 WL 3949057, at *3 (W. Va. Aug. 31, 2022) (memorandum decision) (declining to address petitioner's double jeopardy claim as it was waived by his guilty plea); *State v. Dwayne K.*, No. 15-0773, 2015 WL 12513471, at *5 (W. Va. July 10, 2015) (memorandum decision) (declining to address petitioner's speedy trial claim as it was waived by his guilty plea). I see no reason why the petitioner's waiver here is any less effective than the ones that have previously operated to bar our review of raised claims after guilty pleas.

Further, plea agreements are in the nature of contracts. To be sure, contract principles applicable to commercial contracts are tempered or augmented in the context of plea agreements to serve the constitutional rights at stake and the State's role in promoting confidence in the administration of justice. *State ex rel. Thompson v. Pomponio*, 233 W. Va.

3

212, 218, 757 S.E.2d 636, 642 (2014). But still, "[w]hen a defendant enters into a valid plea agreement with the State that is accepted by the trial court, an enforceable 'right' inures to both the State and the defendant not to have the terms of the plea agreement breached by either party." Syl. Pt. 5, *State v. Myers*, 204 W. Va. 449, 513 S.E.2d 676 (1998). Because the petitioner has not so much as claimed, let alone established, that his plea agreement and the express waiver it contained were anything short of voluntarily, knowingly, intelligently, and freely entered, I would not have condoned the petitioner's breach of his plea agreement or chipped away at the well-established rule that a guilty plea waives all pretrial and nonjurisdictional defects, including those related to illegal detention. Instead, I would have dismissed the petitioner's habeas petition, saved the State the cost of defending against this waived claim, and held the petitioner and the State to the benefit of their bargain under the plea agreement. For these reasons, I respectfully dissent.