# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Russell Coates, Jr.,
Petitioner Below, Petitioner

vs)  No. 15-0748 (Berkeley County 14-C-402)

Marvin C. Plumley, Warden,
Huttonsville Correctional Center,
Respondent Below, Respondent

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Russell Coats Jr., by counsel Matthew T. Yanni, appeals the Circuit Court of Berkeley County's July 9, 2015, order denying his petition for writ of habeas corpus. Respondent Marvin Plumley, Warden, by counsel Christopher Quasebarth, filed a response. On appeal, petitioner alleges that the circuit court erred in dismissing thirteen grounds for relief on the basis that he knowingly waived those grounds by pleading no contest.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2009, the Berkeley County grand jury indicted petitioner on one count of kidnapping, nine counts of second-degree sexual assault, and one count of delivery of cocaine. Thereafter, petitioner pled no contest to three counts of the lesser-included offense of first-degree sexual abuse. As part of the plea agreement, the State dismissed the remaining counts of the indictment.

In February of 2011, the circuit court sentenced petitioner to three concurrent terms of incarceration of one to five years for each count of first-degree sexual abuse. The circuit court also sentenced petitioner to ten years of supervised release pursuant to West Virginia Code § 62-12-26. Specifically, the circuit court found that petitioner "under[stood] the nature of the charges lodged against him, the nature and consequences of his plea[]" and "intelligently, knowingly, and voluntarily" entered into his plea agreement. Subsequently, petitioner filed a motion to withdraw his plea agreement arguing that he received ineffective assistance of counsel. By order entered September 26, 2011, the circuit court denied petitioner's motion.

The following month, the Berkeley County Probation Office filed a petition to revoke petitioner's supervised release on the basis that petitioner failed to report to probation on three

1

separate occasions, failed to update his sexual offender registry information, and failed to provide proof of enrollment and/or attendance of sexual offender counseling. Thereafter, the circuit court revoked petitioner's supervised release and sentenced petitioner to a term of incarceration of thirty days. Upon completion, the circuit court ordered petitioner to be reinstated to supervised release.

In December of 2012, the Berkeley County Probation Office filed a second petition to revoke petitioner's supervised release alleging that petitioner admitted that he was approximately six months in arrears on his GPS monitoring fees and had been charged with misdemeanor possession of a controlled substance. Further, the petition alleged that petitioner admitted to using cocaine, soliciting a prostitute, and being in possession of cocaine. The circuit court revoked petitioner's supervised release, and sentenced him to a term of incarceration of ten years by order entered March 26, 2013. Thereafter, petitioner filed a direct appeal challenging the circuit court's order revoking his supervised release which this Court affirmed. *See State v. Coates*, No 13-0436, 2014 WL 620507 (W.Va. Feb. 18, 2014)(memorandum decision).

In June of 2014, petitioner filed a pro se petition in the circuit court seeking habeas relief. Thereafter, the circuit court appointed petitioner counsel. The following year, with the assistance of counsel, petitioner filed an amended petition seeking habeas relief alleging seventeen separate grounds for relief. By ordered entered July, 9, 2015, the circuit court summarily dismissed petitioner's amended petition finding that all seventeen grounds for relief were "mere recitation of grounds without adequate factual support." Alternatively, the circuit court also dismissed thirteen grounds for relief based upon petitioner's plea agreement. It is from this order that petitioner appeals.

On appeal, petitioner argues that the circuit court erred in dismissing thirteen grounds for relief because the circuit court failed to find that he knowingly and intelligently waived those grounds with the entry of his plea agreement. This Court has previously set forth the standard of review for an appeal of the denial of a petition for a writ of habeas corpus as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Upon review of the limited record on appeal, we find no error in the circuit court's order dismissing petitioner's amended petition for writ of habeas corpus.

This Court has held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is Res judicata in subsequent actions in Habeas corpus."

Syl. Pt. 2, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975). This Court has also stated that "[a] knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects."

2

*State v. Proctor*, 227 W.Va. 352, 364, 709 S.E.2d 549, 561 (2011), *citing State v. Greener*, 196 W.Va. 500, 507 n. 1, 473 S.E.2d 921, 928 n. 1. (1996). In the present case, the limited record reveals that the circuit court specifically found that petitioner "[understood] the nature of the charges lodged against him [and] the nature and consequences of his pleas." Further, the circuit court found that petitioner "tendered his pleas intelligently, knowingly, and voluntarily [on] his own free will and accord." Importantly, the record on appeal is devoid of any evidence that petitioner was unaware of the consequences of his plea agreement. For these reasons, the record conclusively demonstrates that petitioner knowingly and intelligently waived certain constitutional rights when he entered his plea of no contest, and we find no error in the circuit court's order denying petitioner habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  March 7, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II