# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jack V.,**
**Petitioner Below, Petitioner**

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 15-0849** (Pocahontas County 14-C-25)

**Ralph Terry, Warden,**
**McDowell County Correctional Center,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jack V.,[1] pro se, appeals the August 6, 2015, order of the Circuit Court of Pocahontas County dismissing his petition for a writ of habeas corpus. Respondent Ralph Terry, Warden, McDowell County Correctional Center,[2] by counsel Jonathan E. Porter, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]In his underlying habeas petition, petitioner named Karen Pszczolkowski, Warden of Northern Correctional Center, as the respondent because he was then incarcerated at that facility. Due to petitioner's relocation to the McDowell County Correctional Center, we substitute the name of Ralph Terry, Warden, McDowell County Correctional Center, for that of Ms. Pszczolkowski, pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

On August 2, 2005, petitioner was indicted on two counts of sexual assault in the second degree and eighty-seven counts of sexual assault in the third degree. The victim was M.P., who was thirteen years old when petitioner, a family friend, began abusing her. At the time, petitioner was thirty-five years old.

Petitioner's trial began on March 6, 2007. However, prior to the conclusion of voir dire, petitioner decided to plead guilty. Consequently, the parties entered into a plea agreement on that same day. The plea agreement reflects that it was first proposed in January of 2006 and that one of the changes to which the parties agreed was that petitioner would plead guilty to five counts of third degree sexual assault (not seven counts, as originally envisioned). In exchange, the State agreed to dismiss the remaining counts of the indictment.

At the March 6, 2007, plea hearing, petitioner was sworn in to give testimony, at which time the circuit court addressed a number of pro se motions filed by petitioner that alleged that a new trial should be granted, that the circuit court judge should be recused, and that petitioner's attorney should be ordered to withdraw from the case because he failed to subpoena defense witnesses. Upon questioning from the circuit court, petitioner withdrew his pro se motions, and indicated that he was satisfied with his attorney's representation and did not have "any complaints" about the actions the attorney undertook for his benefit. More specifically, petitioner answered "yes, sir" when the circuit court inquired whether petitioner's attorney had the "authority to negotiate this agreement."

Thereafter, the circuit court entered into a plea colloquy with petitioner pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). The circuit court confirmed that petitioner's mind was clear and that he was not being "threatened . . . or coerced . . . to take this plea agreement." When the circuit court asked petitioner whether the decision to plead guilty was his alone, petitioner answered, "Mine." The circuit court followed up by inquiring whether the decision was petitioner's "own free and voluntary act." Petitioner responded that it was.

The circuit court asked petitioner whether his attorney went over the indictment with him, including Counts 9, 30, 61, 69 and 77 to which petitioner was agreeing to plead guilty. Petitioner responded in the affirmative to both questions. The circuit court also questioned petitioner regarding his constitutional rights and informed petitioner that his guilty pleas would waive many of those rights. However, the circuit court noted that petitioner "always [has] a right to challenge the jurisdiction of the [c]ourt[,] and that relates to whether or not these events occurred in Pocahontas County, West Virginia." While the original complaint filed by police indicated that petitioner committed criminal conduct in more than one county, at this point in the plea hearing, neither petitioner nor his attorney interrupted the circuit court to question whether the acts alleged in Counts 9, 30, 61, 69 and 77 occurred outside of Pocahontas County.

The circuit court also asked petitioner's attorney a number of questions. Petitioner's attorney indicated that he did not know of any meritorious defense to the five counts to which petitioner was pleading guilty. Petitioner's attorney further indicated that he received satisfactory discovery from the State and that he went over the same with petitioner. The circuit court inquired whether, having the benefit of knowing the State's case, petitioner's attorney believed there would

2

be any advantage to petitioner if he proceeded with his trial. Petitioner's attorney answered, "Absolutely none." The circuit court noted that the primary advantage petitioner was receiving from the plea agreement was a reduction in the number of counts against him, but again inquired of petitioner whether he was satisfied with his attorney's representation. Petitioner responded, "Yes, sir." The circuit court found that petitioner's attorney was "experience[d] in criminal matters."

The circuit court asked petitioner whether he was offering to plead guilty "free[ly] and voluntary[ily]." Petitioner answered, "Yes, sir." Petitioner also responded "yes, sir," when the circuit court noted that it would be free to impose consecutive terms of incarceration at sentencing. The circuit court thereafter permitted petitioner to enter guilty pleas to five counts of third degree sexual assault. The circuit court then directed the State to establish the factual foundation for petitioner's pleas. The State answered that it was prepared to show that petitioner committed third degree sexual assault as charged in Counts 9, 30, 61, 69 and 77 of the indictment, including that the criminal conduct in each instance "took place in Pocahontas County."

The circuit court inquired of petitioner whether the conduct described in the State's proffer occurred as alleged. Petitioner answered in the affirmative. Therefore, the circuit court found that petitioner "freely, voluntarily, [and] intelligently" entered his guilty pleas. The circuit court further found that petitioner "knowingly and intelligently waived" all rights capable of being waived by pleading guilty. Accordingly, the circuit court adjudicated petitioner guilty of five counts of third degree sexual assault. Upon the State's motion, the circuit court dismissed the remaining counts of the indictment.

At the sentencing hearing on August 24, 2007, the circuit court sentenced petitioner to one to five years of incarceration on each conviction for third degree sexual assault. The circuit court ordered petitioner to serve his sentences consecutively to one another and consecutive to a federal sentence of incarceration petitioner received for federal convictions involving the same victim.[3] Petitioner appealed his sentence in Case No. 080749, but this Court refused that appeal by order entered June 11, 2008.

Petitioner filed the instant petition for a writ of habeas corpus on July 7, 2014.[4] Petitioner alleged ineffective assistance of counsel, including the claim that petitioner's attorney failed to raise the circuit court's lack of jurisdiction over some of the counts of the indictment. By a dismissal order, entered August 6, 2015, the circuit court found that petitioner's habeas petition lacked merit based on his guilty pleas. The circuit court found that by pleading guilty, petitioner waived any issue allegedly inadequately raised or investigated by his attorney. The circuit court

---

[3]According to the circuit court, petitioner's federal convictions were based on his taking M.P. "across into Virginia . . . and further abusing her."

[4]Petitioner filed a prior habeas petition on February 8, 2012. At that time, petitioner was serving his federal sentence in the State of Texas. Therefore, the circuit court denied that petition on March 1, 2012, based on a lack of jurisdiction.

further found that a factual basis was established at the March 6, 2007, plea hearing for each of the five counts to which petitioner pled guilty, which included establishing that each of those counts was based on conduct that occurred in Pocahontas County.

Petitioner now appeals the circuit court's August 6, 2015, order dismissing his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

> In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland* . . . and . . . *Miller* . . . demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pt. 6, *State ex rel. Vernatter v. Warden, W.Va. Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999).

On appeal, petitioner raises one procedural claim and one substantive claim. Procedurally, petitioner alleges that the circuit court should have appointed counsel and held an evidentiary hearing instead of dismissing his habeas petition. Substantively, petitioner contends that his attorney, the circuit court, and the State conspired to coerce him into pleading guilty. Respondent counters that the circuit court did not err in dismissing petitioner's habeas petition because his claim of ineffective assistance of counsel was without merit. We agree with respondent.

We find that, throughout the March 6, 2007, plea hearing, the circuit court took steps to ensure that petitioner's guilty pleas were voluntary. Upon the circuit court's questioning, petitioner stated that he wanted to withdraw his various motions and plead guilty, and that he was satisfied with his attorney's representation. Petitioner affirmatively indicated that his attorney had the "authority to negotiate" the parties' plea agreement. However, petitioner now attempts to support his claim that he was coerced into pleading guilty by alleging that his attorney failed to investigate his case and to prepare for trial and that the plea agreement was not in his best interests.

4

We find that the plea hearing transcript refutes these allegations as well. At that hearing, the circuit court found that petitioner's attorney was "experience[d] in criminal matters" and confirmed more than once that petitioner had no complaints regarding his representation. The circuit court specifically asked petitioner's attorney whether he received satisfactory discovery from the State and whether he went over the same with petitioner. Petitioner's attorney answered in the affirmative to both questions.

Moreover, both the circuit court and petitioner's attorney noted that the plea agreement offered petitioner an advantage over continuing with his trial given that the agreement resulted in a reduction in the number of counts against him. In this regard, we find that it is significant that the March 6, 2007, plea agreement reflects that it was first proposed in January of 2006 and that one of the changes to which the parties agreed was that petitioner would plead guilty to five counts of third degree sexual assault (not seven counts, as originally envisioned). Therefore, we find that, because petitioner successfully had both counts of second degree sexual assault and eighty-two out of eighty-seven counts of third degree sexual assault dismissed, petitioner has failed to show that there was a reasonable probability that, but for counsel's errors (assuming, arguendo, that there were errors), he would have insisted on going to trial.

Finally, a defendant "waives significant constitutional rights by entering into a plea agreement[.]" *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 77, 404 S.E.2d 763, 768 (1991); *see State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) (stating that, "in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences") (footnote omitted). The only jurisdictional claim asserted by petitioner is his allegation that petitioner's attorney failed to raise the circuit court's lack of jurisdiction over some of the counts of the indictment. However, petitioner pled guilty only to Counts 9, 30, 61, 69 and 77 of the indictment. The State proffered that it was prepared to show that petitioner committed third degree sexual assault as charged in those counts, including that the criminal conduct in each instance "took place in Pocahontas County." Petitioner conceded that the State's proffer was correct. Therefore, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's habeas petition without an evidentiary hearing or appointment of counsel because all of petitioner's issues can be decided on the existing record. *See* Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) (holding that a circuit court may deny a habeas petition without a hearing or appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief").

For the foregoing reasons, we affirm the circuit court's August 6, 2015, order dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: January 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker