# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0446** (Braxton County 16-F-26)

**Kenneth Bookheimer,**
**Defendant Below, Petitioner**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kenneth Bookheimer, by counsel Andrew B. Chattin, appeals the Circuit Court of Braxton County's April 17, 2017, sentencing order. The State, by counsel Gordon L. Mowen, II, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion to suppress.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 13, 2016, Deputy Harry Teare of the Braxton County Sheriff's Department responded to a call regarding an impaired driver. Deputy Teare and Trooper Logan Mohr, a West Virginia State Trooper, located the driver, Johnna Skidmore, at a local business. Upon approaching the vehicle, Trooper Mohr observed hypodermic needles sticking out of Ms. Skidmore's open purse. Ms. Skidmore explained that a friend had given her the needles at her residence. Upon the search of her purse, Trooper Mohr found a spoon and pipe with what appeared to be methamphetamine residue.

Based upon Ms. Skidmore's statement that she received needles and other items from a friend at her residence, Trooper Mohr applied for a search warrant to search that home. Trooper Mohr's request for a warrant was based upon his belief that evidence of further methamphetamine-related crimes were on the premises. Braxton County Magistrate Mary Beth Smith issued a warrant for a search of Ms. Skidmore's residence and found that the affidavit provided in the warrant application established probable cause on its face. Trooper Mohr later testified that the warrant was issued at approximately 3:00 p.m. and the search was initiated shortly thereafter, at approximately 3:15 p.m.

A search of the residence revealed evidence of a methamphetamine laboratory, materials used in the production of methamphetamine, and multiple firearms. Petitioner, a previously

convicted felon, was present at the home during this search and had been living there for approximately two months.

On October 4, 2016, petitioner was indicted by a grand jury on four felony counts: (1) attempt to operate a clandestine drug laboratory in violation of West Virginia Code § 60A-4-411, (2) conspiracy in violation of West Virginia Code § 61-10-31, (3) possession of Ephedrine with intent to use to manufacture methamphetamine in violation of West Virginia Code § 60A-10-4(d), and (4) person prohibited from possessing a firearm in violation of West Virginia Code § 61-7-7(b)(2).

The circuit court held a hearing on petitioner's and Ms. Skidmore's motions to suppress on January 6, 2017.[1] Ms. Skidmore alleged that the police lacked the authority to search her purse. However, the circuit court rejected this claim, finding that the needles were in plain view, which gave the officers probable cause to conduct a search of the purse. Ms. Skidmore and petitioner also challenged the validity of the search warrant, alleging that the warrant application did not establish probable cause. The circuit court denied this claim, finding that the warrant contained a detailed request that constituted probable cause on its face. Trooper Mohr made clear in the warrant application that he believed a search of the residence was necessary because Ms. Skidmore informed him that she had obtained drug paraphernalia from that residence. Trooper Mohr testified that the search warrant was obtained before the search was initiated, although petitioner argued that he did not see the warrant until his attorney showed it to him after his arrest.

On January 25, 2017, petitioner agreed to enter a guilty plea to the felony offense of person prohibited from possessing a firearm. In exchange, the State agreed to stand silent at sentencing on the matter and the remaining felony counts were dismissed. On February 27, 2017, the circuit court held a hearing wherein it sentenced petitioner to a term of incarceration of not less than five years. Petitioner now appeals the circuit court's April 17, 2017, sentencing order.

We have held as follows:

"In reviewing the findings of fact and conclusions of law of a circuit court . . . , we apply a three-pronged standard of review. We review the decision . . . under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner argues that the circuit court erred in denying his motion to suppress evidence found in the residence and that the trooper conducted a search of his home before obtaining a warrant. Further, petitioner asserts that his constitutional privacy rights were violated. However, we find that petitioner waived his right to raise this argument on appeal

---

[1]Petitioner and Ms. Skidmore were tried together below.

because his guilty plea was not a conditional guilty plea and petitioner did not reserve his right to challenge the circuit court's denial of his motion to suppress in a subsequent appeal. The right to appeal is limited in the context of a guilty plea. We explained in *State v. Sims*, 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978) that "[a]n appeal ordinarily does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." Such appeals are generally limited to cases in which "an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Id.* at 212, 248 S.E.2d at 835, Syl. Pt. 1, in part.

Further, we have explained that a "defendant waives significant constitutional rights by entering into a plea agreement[.]" *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 77, 404 S.E.2d 763, 768 (1991); *see also State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) ( "If any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (when a criminal defendant openly admits in court that he is guilty of the offense charged, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Notably, once a criminal defendant waives his constitutional rights, "he cannot be heard to complain thereafter." *Call v. McKenzie*, 159 W.Va. 191, 195-96, 220 S.E.2d 665, 669-70 (1975).

Based upon a thorough review of the record on appeal and the arguments of counsel, we find that petitioner waived his right to appeal the issues raised herein. It is undisputed that petitioner pled guilty to the felony offense of person prohibited from possessing a firearm. Petitioner does not challenge the voluntariness of his guilty plea, the legality of his sentence, or any of his counsel's advice prior to acceptance of that guilty plea. Therefore, we decline to address on direct appeal petitioner's arguments concerning the warrant or the denial of his motion to suppress.

For the foregoing reasons, the circuit court's April 17, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3