**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Joshua Stitley,**
**Petitioner Below, Petitioner**

**vs)  No. 20-0476** (Berkeley County 20-C-75)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


# MEMORANDUM DECISION


Self-represented petitioner Joshua Stitley appeals the May 18, 2020, order of the Circuit Court of Berkeley County denying his third petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Lara K. Bisset, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Late on the evening of May 26, 2011, petitioner and his co-defendant, Roy Wisotzkey, traveled to the home of petitioner's mother and stepfather, Vickie and Jack Clem, with the intent to commit burglary. Petitioner recruited the co-defendant and planned the crime. When they arrived at the Clems' home, petitioner and his co-defendant were armed with a knife, a baseball bat, and a decorative sword. The men entered the home without permission where they were confronted by Mr. Clem. During the confrontation, petitioner struck Mr. Clem on the head with the baseball bat and stabbed him in the groin with the knife. Mr. Clem fell into a bathroom where he shut and barricaded the door. While petitioner was fighting with Mr. Clem, his co-defendant struck Mrs. Clem on the head with the baseball bat. One or both men then followed Mrs. Clem into her bedroom where she was struck on the head with the baseball bat at least seven more times and stabbed twice in the chest. Mrs. Clem died that night as a result of her injuries.

1

Following the attack, petitioner and his co-defendant remained in the Clems' home and consumed drugs and alcohol. At one point, petitioner left the home to withdraw money from Mrs. Clem's bank account using her ATM card; he then returned to the Clems' home. Eventually, both men fell asleep in the home's living room. While they slept, Mr. Clem escaped from his home. Early the next morning, petitioner and the co-defendant awoke, removed various objects of the Clems' personal property from the home, and fled the scene. However, they were soon apprehended by law enforcement. Petitioner and his co-defendant were subsequently indicted in the Circuit Court of Berkeley County.[1]

On August 7, 2013, following a jury trial, petitioner's co-defendant was found guilty of felony murder based on the underlying robbery of Mrs. Clem, first-degree robbery of Mr. Clem, burglary, and conspiracy to commit robbery. The circuit court sentenced the co-defendant to a life term of incarceration with the possibility of parole for felony murder and fifty years of incarceration for first-degree robbery. The circuit court ordered that those sentences be served concurrently. The circuit court further sentenced the co-defendant to one to fifteen years of incarceration for burglary and one to five years of incarceration for conspiracy. The circuit court ordered that the co-defendant's sentences for burglary and conspiracy were to run concurrently with one another, but consecutive to the sentences for felony murder and robbery.

On October 21, 2013, petitioner entered into a plea agreement with the State, whereby petitioner agreed to plead guilty to felony murder based on the underlying robbery of Mrs. Clem, first-degree robbery of Mr. Clem, malicious assault of Mr. Clem, and attempted murder of Mr. Clem. In exchange, the State agreed to dismiss all other charges and enter into a binding sentencing recommendation as to felony murder where petitioner would be sentenced to a life term of incarceration with the possibility of parole. However, with regard to the other guilty pleas, "[e]ach side [was] free to request any sentence on the remaining counts as allowed by law." Consequently, at the plea hearing, the circuit court advised petitioner that, except for the agreed disposition regarding felony murder, "the [plea] bargain is not binding on this [c]ourt and I don't have to dispose of your case the way you and your attorney and the State's attorney are recommending." Petitioner responded, "Yes, Your Honor." After engaging in a colloquy with petitioner, pursuant to *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), the circuit court found that petitioner freely, voluntarily, and intelligently entered his guilty pleas to felony murder, first-degree robbery, malicious assault, and attempted murder.

---

[1]Petitioner and his co-defendant were jointly indicted for the following crimes: Count One, murder (Mrs. Clem); Count Two, felony murder (the underlying felony was the commission/attempt to commit robbery); Count Three, first-degree robbery (Mrs. Clem); Court Four, first-degree robbery (Mr. Clem); Count Five, conspiracy to commit robbery; Count Six, burglary; Count Seven, attempted murder (Mr. Clem); Count Eight, malicious assault (Mr. Clem); Count Nine, assault during the commission of a felony (Mr. Clem); and Count Ten, assault during the commission of a felony (Mrs. Clem). In addition, petitioner was individually indicted on one count of fleeing in a vehicle from a law enforcement officer while driving under the influence and one count of fraudulent use of an access device.

At a January 13, 2014, sentencing hearing, petitioner expressed remorse for his crimes and argued for concurrent sentencing, claiming that "this is a terrible tragic incident obviously driven by drugs and alcohol." The State recommended a sentence of fifty years of incarceration for first-degree robbery, but argued that, unlike in the co-defendant's case, all of petitioner's sentences should be served consecutively. The State noted that the robbery of the Clems' home was petitioner's idea and was perpetrated against his family. The circuit court sentenced petitioner to a life term of incarceration with the possibility of parole for felony murder, as required by the plea agreement. However, the circuit court declined to follow the State's non-binding recommendation with regard to first-degree robbery and instead imposed a sentence of sixty years of incarceration. The circuit court further sentenced petitioner to three to fifteen years of incarceration for attempted murder and two to ten years of incarceration for malicious assault. The circuit court ordered that all of petitioner's sentences run consecutively. In *State v. Stitley* ("*Stitley I*"), No. 14-0265, 2014 WL 5546524 (W.Va. November 3, 2014) (memorandum decision),[2] petitioner appealed his aggregate sentence as unjustifiably harsher than that of his co-defendant. *Id.* at *2. This Court rejected petitioner's argument and affirmed the circuit court's sentencing order. *Id.* at *3.

On April 14, 2015, petitioner filed his first petition for writ of habeas corpus in the circuit court, which appointed habeas counsel for petitioner. On August 26, 2015, habeas counsel filed an amended petition, raising five grounds for relief: (1) ineffective assistance of trial counsel; (2) disproportionate sentencing; (3) erroneous presentence investigation report; (4) mental incompetency at the time of offenses due to drug and alcohol consumption;[3] and (5) prejudicial pretrial publicity. By order entered on September 14, 2015, the circuit court denied the amended habeas petition, without holding an evidentiary hearing, and found petitioner's claims to be without merit. Petitioner did not appeal the circuit court's September 14, 2015, order denying his first habeas petition.

On May 9, 2017, petitioner filed a second habeas petition, asserting ineffective assistance of habeas counsel. By order entered on September 20, 2017, the circuit court found that petitioner failed to allege facts establishing that his habeas counsel's performance fell below an objective standard of reasonableness or that, but for habeas counsel's alleged errors, the first habeas petition would have been successful. Accordingly, the circuit court denied habeas relief. In *Stitley v. Ames* ("*Stitley II*"), No. 17-0929, 2019 WL 2323830 (W. Va. May 31, 2019) (memorandum decision),[4] this Court affirmed the denial of petitioner's second habeas petition.

---

[2]We take judicial notice of the record in *State v. Stitley*, No. 14-0265, 2014 WL 5546524 (W.Va. November 3, 2014) (memorandum decision).

[3]"[W]hile voluntary intoxication does not ordinarily excuse a crime, 'it may reduce the degree of the crime or negative a specific intent.'" *Stitley v. Ames*, No. 17-0929, 2019 WL 2323830, at *3 n.2 (W. Va. May 31, 2019) (memorandum decision) (quoting *State v. Joseph*, 214 W. Va. 525, 531, 590 S.E.2d 718, 724 (2003) (additional citation omitted)).

[4]We take judicial notice of the record in *Stitley v. Ames*, No. 17-0929, 2019 WL 2323830 (W. Va. May 31, 2019) (memorandum decision).

On May 13, 2020, petitioner filed a third habeas petition, asserting five grounds for relief: (1) severer sentence than recommended by the State; (2) lack of understanding of the plea agreement; (3) mental incompetency at the time of offenses due to drug and alcohol consumption; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of habeas counsel. By order entered on May 18, 2020, the circuit denied the third petition, finding that petitioner's claims were previously waived or adjudicated due to the rulings and findings set forth in *Stitley I* and *Stitley II*.

Petitioner now appeals the circuit court's May 18, 2020, order denying his third habeas petition. We review the circuit court's order under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

The test for evaluating ineffective assistance of counsel claims is as follows:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 1, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

On appeal, petitioner argues that the circuit court should have appointed habeas counsel and held a hearing before denying his third petition. Respondent counters that the circuit court properly denied petitioner's third petition. We agree with respondent.

4

Based on our review of the record, we concur with the circuit court's finding that petitioner's claims were previously waived or adjudicated due to the rulings and findings set forth in *Stitley I* and *Stitley II*. In *Stitley II*, petitioner argued that his ineffective assistance claims were viable under the *Strickland/Miller* test because trial counsel and habeas counsel failed to raise issues which could have changed the result of his case. 2019 WL 2323830, *4. Petitioner further argued, in *Stitley II*, that, in raising ineffective assistance of trial counsel and additional issues in the first habeas proceeding, habeas counsel failed to provide adequate factual support for those grounds for relief and/or failed to frame them in the way that petitioner wanted. *Id.* We rejected petitioner's arguments, finding that

> [i]n syllabus point two of *Call*, we held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is *res judicata* in subsequent actions in *habeas corpus*." 159 W.Va. at 191, 220 S.E.2d at 667; *see State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) (stating that, "in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences"). . . . Based on our review of the plea hearing transcript, we find that, during the colloquy conducted pursuant to *Call*, petitioner informed the circuit court that he was satisfied with trial counsel, who was "a highly competent criminal trial lawyer," and knowingly and voluntarily entered his guilty pleas and waived all antecedent constitutional and statutory rights. While petitioner argues that he mistakenly understood that the State's recommendation of fifty years for first-degree robbery was binding on the circuit court, the plea hearing transcript clearly reflects that the circuit court advised him that, except for the agreed disposition regarding felony murder, "the [plea] bargain is not binding on this [c]ourt and I don't have to dispose of your case the way you and your attorney and the State's attorney are recommending." Petitioner responded, "Yes, Your Honor."
>
> . . . .
>
> Even if there was an instance of deficient performance by [trial counsel or habeas counsel], we find that, based on the record, the result of petitioner's case would not have changed given his valid guilty pleas and his waiver of his constitutional and statutory rights. While petitioner argues that his sentence was unjustifiably harsh, we rejected a substantially similar argument in *Stitley* [*I*] where we found that petitioner and his co-defendant were not similarly situated given that, after the heinous crimes against petitioner's family members, petitioner consumed drugs and alcohol in their home "while his mother lay dead in her bedroom and his stepfather was trapped in the bathroom bleeding from the knife wound" inflicted upon him by petitioner. . . .

*Id.* at *4-5 (Citation and footnote omitted.). Accordingly, we conclude that the circuit court properly denied the third habeas petition.

For the foregoing reasons, we affirm the circuit court's May 18, 2020, order denying petitioner's third petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton