**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0840** (Barbour County 19-F-37)

**John B.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner John B., by counsel Ryan C. Shreve, appeals the September 24, 2020, order of the Circuit Court of Barbour County resentencing petitioner to an aggregate term of thirty to sixty years of incarceration for his three convictions of sexual abuse by a parent, guardian, custodian or person in position of trust.[1] The State of West Virginia, by counsel Patrick Morrisey and Katherine M. Smith, filed a response in support of the circuit court's order and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2019, petitioner was indicted on three counts of first-degree sexual assault in violation of West Virginia Code § 61-8B-3 and three counts of sexual abuse by a parent,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

guardian, custodian or person in a position of trust in violation of West Virginia Code § 61-8D-5(a). These charges were related to petitioner's sexual conduct with his stepdaughter, then six-year-old A.M. During the investigation, petitioner confessed that on one occasion when the child's mother had left the home, he took A.M. into his bedroom and told her to undress. According to petitioner, he masturbated in front of A.M, then forced A.M. to perform oral sex on him. Petitioner then laid A.M. on the bed, then rubbed his penis against the outside of A.M.'s vagina and ultimately penetrated her. Petitioner ejaculated and helped A.M. clean blood off of her vagina. During a child advocacy interview, A.M. related these details and that she told petitioner "no" during the acts.

Petitioner agreed to plead guilty to three counts of sexual abuse by a parent, guardian, custodian or person in position of trust, in exchange for the State's agreement to dismiss the remaining counts of the indictment. As part of his plea agreement, petitioner agreed "to provide for the [circuit c]ourt an accurate factual basis for the plea so entered." In December of 2019, the circuit court held a plea hearing and engaged petitioner in an extensive plea colloquy to determine if petitioner's plea of guilty was knowingly, voluntarily, and intelligently made. As part of this colloquy, the circuit court inquired of petitioner to lay a factual basis for his pleas. Petitioner admitted that he "conducted sexual activities with [his] step[]daughter" when she was under the age of twelve. He acknowledged that he placed his penis "against" the infant child's vagina two different times while she was naked and that he made the child "lick" his penis. Petitioner agreed that these acts occurred during the timeframe alleged in the indictment. In addition to these statements, petitioner acknowledged the possible penalty for his guilty plea and that he was waiving certain constitutional rights by the entrance of his plea. Ultimately, the circuit court found that petitioner had "freely, knowledgably, and voluntarily" waived his constitutional rights and entered a plea of guilty to three counts of sexual abuse by a parent, guardian, custodian or person in a position of trust. The circuit court further found that there was a factual basis for each of petitioner's guilty pleas. The circuit court accepted petitioner's guilty pleas, ordered that a pre-sentence investigation report be prepared, and set a date for sentencing.

Finally, in May of 2020, the circuit court held the final sentencing hearing and sentenced petitioner to three consecutive ten-to-twenty-year terms of incarceration, for an aggregate sentence of thirty to sixty years of incarceration. Upon petitioner's motion, the circuit court resentenced petitioner for the purpose of appeal in September of 2020. Petitioner now appeals the circuit court's September 24, 2020, order resentencing him to an aggregate thirty-to-sixty-year term of incarceration.

Petitioner raises two assignments of error on appeal. First, he argues that the circuit court's sentence is a violation of double jeopardy. He argues that his crimes arose from a single instance of criminal activity and the plain language of West Virginia Code § 61-8D-5(a) does not explicitly punish each individual singular act, but rather the engaging of those acts. Thus, he asserts that there is some doubt as to the legislative intent regarding the unit of prosecution, which should be resolved in favor of lenity for the accused. However, petitioner has failed to address his guilty plea and its effect on his waiver of these rights. With this consideration in mind, we find petitioner is entitled to no relief in this regard.

2

Regarding a double jeopardy claim, this Court applies a de novo standard of review. *See* Syl. Pt. 1, in part, *State v. Sears*, 196 W. Va. 71, 468 S.E.2d 324 (1996). The Double Jeopardy Clauses of the United States and West Virginia Constitutions prohibit "multiple punishments for the same offense." Syl. Pt. 1, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992). In syllabus point two of *State v. Coles*, 234 W. Va. 132, 763 S.E.2d 843 (2014), we held as follows:

> If a guilty plea is shown to have been intelligently and voluntarily entered into, generally it cannot be directly or collaterally attacked on double jeopardy grounds. One exception to this rule permits a defendant to show that the face of the record in the case establishes that a court lacked power to convict or sentence the defendant.

"If any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences." *Coles*, 234 W. Va. at 137, 763 S.E.2d at 848 (quoting *State v. Green*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J. concurring)).

The record establishes that the court possessed the power to convict and sentence petitioner on three counts of sexual abuse by a parent, guardian, custodian or person in position of trust. As set forth above, petitioner laid out the factual basis for his pleas, admitting to multiple sexual acts with the minor victim. These admissions formed the basis for two instances of sexual intercourse with the victim and one instance of sexual contact. Because petitioner waived any double jeopardy challenge when he pleaded guilty, and because the circuit court possessed the power to convict him of these crimes, we find no error committed by the circuit court in this regard. *See id*. at 132, 763 S.E.2d at 844, Syl. Pt. 2.

Lastly, petitioner challenges the circuit court's sentence and argues it is unconstitutionally disproportionate to the crimes. This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002) (citation omitted). Petitioner implores this Court to analyze the circuit court's sentence using the *Cooper*[2] and *Wanstreet*[3] tests to determine whether the underlying sentence is disproportionate. However, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Furthermore, "[s]entences imposed by the trial court, if within statutory

---

[2]*State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1982) (setting forth the subjective test for unconstitutionally disproportionate sentences).

[3]*Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981) (spelling out the objective test for unconstitutionally disproportionate sentences).

limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

West Virginia Code § 61-8D-5(a) provides a fixed maximum sentence, which is that a person found guilty of sexual abuse by a parent, guardian, custodian or person in a position of trust "shall be imprisoned in a correctional facility not less than ten nor more than twenty years" or fined and imprisoned for the same indeterminate period. Therefore, the circuit court's sentence in this case—three ten-to-twenty-year terms of incarceration ordered to run consecutively—is within the statutory limits and not subject to appellate review.

For the foregoing reasons, we find no error in the circuit court's September 24, 2020, order.

Affirmed.

**ISSUED**: October 1, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton