# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Apollo Rice,**
**Petitioner Below, Petitioner**

**vs.)**     **No. 21-0212** (Ohio County 18-C-135 MJO)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Apollo Rice appeals the February 22, 2021, order of the Circuit Court of Ohio County denying his amended petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2017, petitioner was indicted in the Circuit Court of Ohio County on two counts of child abuse resulting in serious injury, four counts of child abuse resulting in injury, four counts of child abuse creating a substantial risk of death or serious bodily injury, and two counts of attempt to kill or injure by poison or other destructive thing. The child's injuries included a leg fracture, an arm fracture, contusions, and lacerations. Petitioner also submerged the child's head in a bathtub full of water. On a separate occasion, petitioner placed duct tape over the two-year-old child's nose and mouth and, according to the indictment, the child "would struggle to remove the duct tape from his face." The indictment further alleged that petitioner used a syringe to put hot sauce into the child's nose and mouth.

1

Subsequently, petitioner and the State entered into a plea agreement. Petitioner agreed to plead guilty to two counts of child abuse resulting in serious injury, four counts of child abuse resulting in injury, and four counts of child abuse creating a substantial risk of death or serious bodily injury. In exchange, the State agreed to dismiss the two counts of attempt to kill or injure by poison or other destructive thing. "The parties agree[d] that [petitioner] shall serve the statutory sentences of incarceration consecutively for an effective sentence of not less twelve (12) [nor] more than sixty (60) years [of incarceration]." The plea agreement further provided that petitioner would enter his guilty pleas pursuant to Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987),[1] and waive the preparation of a presentence investigation report.

The circuit court entered an order on April 12, 2018, following petitioner's plea and sentencing hearing on March 30, 2018. In its order, the circuit court found:

- Petitioner was placed under oath to provide sworn testimony, and "all the requirements of *Call v. McKenzie*[, 159 W. Va. 191, 220 S.E.2d 665 (1975),] [were] met."

- Petitioner "confirmed to the [c]ourt that he was aware of and authorized plea negotiations to be undertaken on his behalf by his counsel with counsel for the State."

- Petitioner was satisfied with the representation provided by his counsel who was "competent in criminal matters."

- Petitioner testified "that he was not coerced or threatened to enter into the plea agreement."

- Petitioner "acknowledged his signature on the written [p]lea [a]greement, which he stated he read, understood[,] and voluntarily signed in open [c]ourt after having read the same."

- The written plea agreement was made a part of the record.

- Petitioner testified that "no promises other than the terms of the plea agreement had been made to him."

---

[1]Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

- The circuit court asked petitioner about his understanding of his constitutional rights, including "the right to suppress any evidence or confessions which may have been illegally obtained in this matter, and the right to challenge pre-trial proceedings."

- "[Petitioner] then advised the [c]ourt that he understood all of his constitutional and procedural rights and that he was waiving the same and wanted to proceed with the plea agreement."

- The State proffered the factual basis for the plea agreement and advised the circuit court that it had sufficient evidence to convict petitioner of two counts of child abuse resulting in serious injury, four counts of child abuse resulting in injury, and four counts of child abuse creating a substantial risk of death or serious bodily injury.

- Petitioner agreed with the State's proffer and "advised the [c]ourt [of] what had occurred which made him guilty of the charges to which he chose to enter a plea of guilty."

- Petitioner's counsel "advised the [c]ourt that he believed that the . . . plea agreement was in [petitioner's] best interest and that he was unaware of any meritorious defenses or advantages in proceeding to trial.

- Petitioner desired to waive his rights and enter guilty pleas to two counts of child abuse resulting in serious injury, four counts of child abuse resulting in injury, and four counts of child abuse creating a substantial risk of death or serious bodily injury.

Accordingly, the circuit court found that petitioner understood his "statutory, constitutional[,] and procedural rights" and was waiving the same, including his rights to challenge "any and all pre-trial defects with regard to, among other things, his arrest, the gathering of all evidence . . . , admissions and confessions[,] and . . . all other non-jurisdictional defects arising out of these criminal proceedings."

Thereafter, the circuit court accepted petitioner's guilty pleas and convicted him of those counts to which he pled guilty. The circuit court found that, pursuant to the plea agreement, petitioner waived the preparation of a presentence investigation report and that the parties desired that it proceed to sentence petitioner. The circuit court imposed the aggregate sentence to which the parties agreed: twelve to sixty years of incarceration. Finally, the circuit court advised petitioner of "his appeal rights as to [his] sentence" and found that he "understood his appellate rights and had no questions regarding the same." Petitioner did not file a criminal appeal.

On June 12, 2018, petitioner filed a petition for a writ of habeas corpus in the circuit court. The circuit court appointed habeas counsel who filed an amended habeas petition on October 7,

3

2019. The circuit court held an omnibus habeas corpus hearing on October 8, 2020, via video conferencing. Both petitioner and his trial counsel testified at the hearing. During petitioner's testimony, habeas counsel questioned him regarding his completion of the *Losh* list, pursuant to which he waived any grounds not raised.[2] Petitioner raised the following grounds for habeas relief: (1) failure of trial counsel to file a criminal appeal; (2) coerced confession; (3) knowing use of perjured testimony by the State; (4) excessive bail; (5) insufficient evidence; (6) actual innocence; (7) ineffective assistance of trial counsel; and (8) involuntary guilty plea.

The circuit court, by order entered on February 22, 2021, found that petitioner established none of his habeas claims. The circuit court confirmed its prior findings that, at the March 30, 2018, plea and sentencing hearing, petitioner (a) knew of and authorized the plea negotiations; (b) did not face any threats or coercion to plead guilty; and (c) entered his guilty pleas "knowingly, intelligently, and voluntarily."

Petitioner now appeals the circuit court's February 22, 2021, order denying the amended habeas petition. This Court reviews a circuit court's order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the circuit court erred in finding that he failed to establish his habeas claims. Respondent counters that the circuit court properly denied petitioner's amended habeas petition.

We have held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is *res judicata* in subsequent actions in *habeas corpus*." *Call*, 159 W. Va. at 191, 220 S.E.2d at 667, Syl. Pt. 2; *see also State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) ("[I]n the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences." (footnote omitted)).

---

[2]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* list, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), wherein we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

Here, based upon our view of the record, we concur with the circuit court's findings that, pursuant to Syllabus Point 2 of *Call*, petitioner knowingly, intelligently, and voluntarily entered his guilty pleas and waived his constitutional rights with regard to pre-trial defects, the gathering of evidence, and all other non-jurisdictional defects in the underlying criminal case. Accordingly, we decline to review petitioner's claims that there was a coerced confession, that there was the knowing use of perjured testimony, and that there was excessive bail imposed during the pendency of the underlying criminal case.

Moreover, we reject petitioner's insufficient evidence and actual innocence claims based upon the guilty pleas that he voluntarily entered. In pleading guilty, petitioner agreed with the State's proffer that it had sufficient evidence to convict him of those counts to which he was entering guilty pleas. Petitioner's trial counsel stated at the plea and sentencing hearing that he did not know of any advantages to proceeding to trial and that the plea agreement was in petitioner's best interests. As the circuit court found, based upon petitioner's and trial counsel's testimony at the omnibus habeas corpus hearing, petitioner "never expressed his actual innocence."

Despite his colloquy with the circuit court at the plea and sentencing hearing, which we find was in compliance with Syllabus Point 2 of *Call*, petitioner argues that his guilty pleas were involuntary because his trial counsel (1) provided ineffective assistance; and (2) coerced petitioner into pleading guilty. We review ineffective assistance of counsel claims under the following standards:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pts. 5 and 6, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). We have further held that

> [t]he fulcrum for any ineffective assistance of counsel claim is the adequacy of counsel's investigation. Although there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and judicial scrutiny of counsel's performance must be highly deferential, counsel must at a minimum conduct a reasonable investigation enabling him or her to make informed decisions about how best to represent criminal clients. Thus, the

5

presumption is simply inappropriate if counsel's strategic decisions are made after an inadequate investigation.

Syl. Pt. 3, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995).

While petitioner argues that trial counsel's performance was inadequate, trial counsel testified that he engaged in "a fairly extensive investigation of the material" the State provided in discovery. Trial counsel stated that the defense had recordings of three individuals who indicated that they had firsthand knowledge of petitioner's abuse of the child. Trial counsel testified that he spoke with the three individuals as part of his preparation for trial and that a private investigator was unnecessary "because the evidence was there." According to trial counsel, he and petitioner reviewed the recordings of the witness statements, discussed potential trial testimony, and examined the child's medical records. Trial counsel stated that "it was not a very good case to take to trial[ ] based upon the medical evidence and . . . the three people that I did interview."[3] However, trial counsel indicated that he "was fully prepared to go to trial" if petitioner decided not to accept the plea agreement. Therefore, we find that trial counsel's investigation did not constitute deficient performance.

In addition, based upon our review of the record, we concur with the circuit court's findings that petitioner knew of and authorized trial counsel's plea negotiations with the State. We note that petitioner testified that he told trial counsel that he would consider a plea agreement provided that it gave him "a lesser amount of time." Trial counsel testified that, if petitioner was convicted on all counts of the indictment, petitioner's aggregate sentence would have been eighteen to ninety-six years of incarceration. Trial counsel further stated that, because the State agreed to dismiss the two counts of attempt to kill or injure by poison or other destructive thing, "it saved [petitioner] six years on the bottom end of the sentence and 36 years on the top end of the sentence." Accordingly, we find that trial counsel's plea negotiations did not constitute deficient performance.

Petitioner further argues that trial counsel was "repulsed" by the charges against him and that trial counsel coerced or intimidated him into pleading guilty. "The controlling test as to the voluntariness of a guilty plea, when it is attacked either on a direct appeal or in a habeas corpus proceeding on grounds that fall within those on which counsel might reasonably be expected to advise, is the competency of the advice given by counsel." Syl. Pt. 2, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978).

The omnibus hearing transcript reflects that trial counsel became emotional when discussing the child's injuries that were associated with the counts to which petitioner pled guilty.

---

[3]The child's mother also had firsthand knowledge of petitioner's abuse of the child. However, the child's mother was petitioner's co-defendant and had her own counsel. Therefore, petitioner's trial counsel testified that he did not speak to the child's mother other than to confirm (with her attorney present) that she intended to testify against petitioner at petitioner's trial.

6

Trial counsel testified that he generally advised clients to place themselves in the position of a potential jury because "[a]ll [the jury] know[s] is what they're going to hear about what happened" and that petitioner was receptive to his advice. Petitioner testified that trial counsel informed him that "it would be a very horrible case" to take to trial given the State's likely portrayal of the crimes to the jury and "[made] sure I had the full grasp of the time I was facing."

Ultimately, petitioner stated that, "with everything [trial counsel] was doing, with everything that seemed stacked against me, it seem[ed] completely impossible to even have a slim chance" of being found not guilty at trial if he did not plead guilty. However, we have already found that trial counsel's advice that it was not a good case to take to trial was based upon an adequate investigation and that the plea negotiations that resulted in the reduction of thirty-six years in petitioner's maximum sentence were authorized by petitioner. Thus, we find that the most relevant part of petitioner's testimony was his recognition that the State had sufficient evidence to convict him of those counts to which he agreed to plead guilty. Therefore, we conclude that trial counsel did not coerce or intimidate petitioner into pleading guilty, but provided effective assistance.[4] As found above, petitioner knowingly, intelligently, and voluntarily entered his guilty pleas. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's amended habeas petition.

For the foregoing reasons, we affirm the circuit court's February 22, 2021, order denying petitioner's amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: August 30, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]Petitioner further argues that trial counsel provided ineffective assistance in failing to present mitigation evidence at his plea and sentencing hearing. However, trial counsel testified that the parties addressed petitioner's sentence in the plea agreement which provided that he would serve an aggregate term of twelve to sixty years of incarceration. Given that the circuit court imposed the aggregate sentence specified in the plea agreement, we reject this ineffective assistance of trial counsel claim as without merit.

With regard to petitioner's claim that trial counsel failed to file an appeal in his criminal case, we concur with the circuit court's finding that petitioner testified at the omnibus hearing that he did not ask trial counsel to file an appeal "[b]ecause I felt it would be pointless."

7