# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RUSSELL W. VANNEST,**
**Appellant Below, Petitioner**

**v.)  No. 24-ICA-157**   (WorkForce W. Va. Bd. Of Rev. Case No. R-2023-2720 (R-1-E))

**COX ENERGY INDUSTRIAL COATINGS AND CLEANING, LLC,**
**Employer Below, Respondent**

**and**

**SCOTT A. ADKINS, in his official capacity as**
**ACTING COMMISSIONER of WORKFORCE WEST VIRGINIA,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Russell W. Vannest appeals the March 12, 2024, decision of WorkForce West Virginia's Board of Review ("Board"). In its decision, the Board denied Mr. Vannest's request to remand the case for hearing before the Board's administrative law judge ("ALJ") and adopted the ALJ's determination that he was disqualified from receiving unemployment benefits. Respondent WorkForce West Virginia ("WorkForce") filed a summary response in support of the Board's decision.[1] Mr. Vannest did not file a reply. Respondent Cox Energy Industrial Coatings and Cleaning, LLC ("Employer") did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision pursuant to Rule 21 of the Rules of Appellate Procedure.

Mr. Vannest began working for Employer beginning on October 30, 2022, as a truck driver and laborer. On September 11, 2023, Mr. Vannest was accused of using illicit drugs

---

[1] Mr. Vannest is represented by Christopher J. Sears, Esq. WorkForce is represented by Kimberly A. Levy, Esq.

during his employment and was ultimately discharged. Thereafter, Mr. Vannest applied for unemployment compensation benefits.

On December 10, 2023, a WorkForce Deputy entered a decision awarding Mr. Vannest full unemployment benefits. The Deputy found that the "burden of proof of misconduct rests with the employer" and concluded that Employer "failed to present evidence that the claimant committed an act of misconduct" and that "[n]o disqualification [could] be imposed." Employer appealed the Deputy's decision and on January 5, 2024, the Board issued a Notice of Hearing to the parties notifying them of a January 16, 2024, administrative hearing to be held before an ALJ. Mr. Vannest failed to appear at the hearing.

On January 30, 2024, the ALJ issued a written decision reversing the decision of the Deputy, finding that Mr. Vannest was discharged for gross misconduct and disqualified him from receiving unemployment benefits. Mr. Vannest appealed the ALJ's decision and requested a remand because, among other things, he did not receive the notice of hearing in the mail until after the date of the hearing. On March 12, 2024, the Board adopted the ALJ's decision and denied Mr. Vannest's request for remand. It is from this order that Mr. Vannest now appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

*Taylor v. WorkForce W. Va.*, 249 W. Va. 381, 386, 895 S.E.2d 236, 241 (Ct. App. 2023) (quoting Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994)).

On Appeal, Mr. Vannest argues two assignments of error. First, he asserts that the Board violated his procedural due process rights by failing to provide him with adequate notice of the ALJ's hearing.[2] We agree.

---

[2] On appeal, WorkForce argues that Mr. Vannest failed to sufficiently raise this issue below and should consequently be barred from raising it on appeal. Below, Mr. Vannest asserted that he received his Notice of Hearing after the hearing had taken place and claimed that he "was unaware another appeal had been requested" because he does "not live where [he] get[s] [his] mail, and it is across the county from [his] residence." However, Mr. Vannest was not represented by counsel below and our Supreme Court of Appeals of West Virginia ("SCAWV") has held that "[t]he court should strive . . . to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by

2

West Virginia Code § 21A-7-8 (1978) states, in part, the following:

> Upon appeal from the determination of a deputy, an individual shall be entitled to a fair hearing and reasonable opportunity to be heard before an appeal tribunal as provided in section seven of this article. Within eight days after receipt by the [B]oard of notice of appeal from the decision of a deputy, the [B]oard shall fix the time and place for hearing such appeal, and notify the claimant, last employer, and the commissioner, ten days in advance of the date set for hearing.

Pursuant to the West Virginia Code of State Rules § 84-1-3.5 (2018), the Notice of Hearing "shall be mailed to all interested parties and their counsel at least (10) days in advance of the hearing date[.]" Moreover, West Virginia Code § 2-2-1(d) (2006) provides:

> In computing any period of time prescribed by any applicable provision of this code or any legislative rule or other *administrative rule or regulation* promulgated pursuant to the provisions of this code, *the day of the act*, event, default or omission from which the applicable period begins to run is *not included*. The last day of the period so computed is included, unless it is a Saturday, a Sunday, a *legal holiday* or a designated day off in which event the prescribed period of time runs until the end of the next day that is not a Saturday, Sunday, legal holiday or designated day off.

---

reasonably accommodating all parties, whether represented by counsel or not." *Blair v. Maynard*, 174 W. Va. 247, 253, 324 S.E.2d 391, 396 (1984). Further, Justice Cleckley made the following observations regarding an appellate court's authority to address an issue that was not properly preserved at the lower court level:

> [A]though the rule requiring all appellate issues be [properly] raised first in the [lower] court is important, it is not immutable: Our cases have made clear that the failure to [properly] raise issues below is not a jurisdictional prerequisite to an appeal but, rather, is a gatekeeper provision rooted in the concept of judicial economy, fairness, expediency, respect, and practical wisdom. Requiring issues to be [properly] raised at the trial level is a juridical tool, embodying appellate respect for the [lower] court's advantage and capability to adjudicate the rights of our citizens.

*State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring). Thus, in the interest of judicial fairness, this Court has chosen to consider Mr. Vannest's procedural due process argument.

(Emphasis added).

Here, the record reflects that the Board mailed the Notice of Hearing for the January 16, 2024, hearing to Mr. Vannest on January 5, 2024. However, pursuant to West Virginia Code § 2-2-1(d), the date the Notice of Hearing was mailed is not included in the ten-day computation. Rather, the date from which to begin computation is January 6, 2024. Using this method, day ten from January 6, 2024, was January 15, 2024, the day before the hearing. While this would ordinarily meet the ten-day notice requirement pursuant to the West Virginia Code of State Rules § 84-1-3.5, January 15, 2024, the last day of the period computed, was Martin Luther King, Jr. Day, a legal holiday. *See* W. Va. Code § 2-2-1(a)(2). In light of West Virginia Codes §§ 2-2-1(d) and 2-2-1(a)(2), we conclude that day ten of the notice requirement was January 16, 2024, the date of the scheduled hearing. Thus, we find that the Board erred by failing to mail the Notice of Hearing to Mr. Vannest at least ten days before the administrative hearing, which effectively denied his right to a fair hearing.

Because of the Board's failure to provide proper notice, Mr. Vannest was denied his right to a fair hearing and reasonable opportunity to be heard. Therefore, we conclude that the case was not properly before the ALJ on January 16, 2024, and as a result, the Board erred by denying Mr. Vannest's request for remand and by adopting the ALJ's January 16, 2024, decision. Thus, we vacate the Board's March 12, 2024, decision.[3]

Accordingly, we vacate the Board's March 12, 2024, decision and remand this matter to the Board with directions to enter an order remanding this matter to the ALJ for a hearing on the merits of Employer's appeal from the Deputy's decision after the parties are given sufficient ten days' notice of the administrative hearing, consistent with this decision.

Vacated and Remanded.

---

[3] Mr. Vannest's remaining assignment of error is that the Board failed to provide adequate findings of fact and conclusions of law to support its denial of his remand request. We agree. As we have previously held, simply stating that a "request for remand is denied in as much as good cause was not shown" is "legally insufficient, as it fails to set forth sufficient findings of fact and conclusions of law for a meaningful appellate review." *Bickford v. Workforce W. Va.,* No. 22-ICA-276, 2023 WL 7202564, at *4 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision). Thus, in accordance with *Bickford*, we find that the Board's denial of Mr. Vannest's request for remand was legally insufficient.

**ISSUED:**  February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White